UNION TRUST CO. *v.* ROCHESTER & P. R. CO.

*(Circuit Court, W. D. Pennsylvania.* December 6, 1886.)

1. CORPORATIONS—CONSOLIDATION OF CORPORATIONS ORGANIZED UNDER LAWS OF SEVERAL STATES—JURISDICTION OF CIRCUIT COURT—JUDGMENT—NEW YORK STATUTE—PENDING SUIT IN STATE COURT.

In a suit in the circuit court for the Western district of Pennsylvania, brought by a corporation of the state of New York against a corporation formed under statutes of New York and Pennsylvania, by the consolidation of several corporations, some of which were organized under the laws of one of said states and some under the laws of the other, upon a judgment duly obtained in a state court in New York, *held* (1) that, for the purpose of jurisdiction, the defendant must be considered a citizen of Pennsylvania; (2) that, by virtue of such consolidation, the constituent companies merged into each other, and became one corporation; (3) that the judgment obtained against the consolidated corporation in the state of New York is binding upon the corporation everywhere, and the case is not open to any inquiry upon the merits; (4) that the New York statutory provisions forbidding suit to be brought on a judgment rendered in a court of that state, without the previous permission of such court, is intended only to regulate the practice in New York state courts, and has no application here; (5) that the jurisdiction of the court over the subject matter of this litigation is not affected by pending proceedings in the court of common pleas of Elk county, Pennsylvania, in which the custody of certain railroad property of the defendant was committed to a receiver.

2. JUDGMENT—ACTION ON JUDGMENT OF ANOTHER STATE— PLEADING — COLLUSION.

In an action in one state on a judgment obtained in another state, an alleged collusive arrangement between the plaintiff and the officers of the defendant corporation, whereby no defense was interposed, but a recovery was promoted, is not pleadable.[1]

3. SAME—ACTION OF DEBT PENDING APPEAL.

An action of debt will lie on a judgment of another state, notwithstanding the pendency of an appeal or writ of error.

At Law.

Action in debt *sur* judgment.    *Sur* rule for judgment for want of a sufficient affidavit of defense.

*George Shiras, Jr.,* for the rule.

*Samuel Dickson* and *R. C. Dale, contra.*

ACHESON, J.   1. It has been authoritatively adjudged that, where a corporation created by the laws of several states is sued in a federal court in any one of those states, it must be regarded, for the purpose of jurisdiction, as a citizen of that state, whatever its citizenship may be elsewhere.   *Railway Co.* v. *Whitton,* 13 Wall. 270; *Muller* v. *Dows,* 94 U. S. 444.   Hence it is not a valid objection to the jurisdiction of this court that the plaintiff is a corporation of the state of New York, and the defendant is a corporation formed under statutes of Pennsylvania and New York, by the consolidation of several corporations, some of which were organized under the laws of the former state, and the others under the laws of the latter.

[1] See note at end of case.

2. By virtue of such consolidation, the constituent companies merged into each other, and became one corporation. *Railway Co.* v. *Georgia*, 98 U. S. 359; *St. Louis, etc., Ry. Co.* v. *Berry*, 113 U. S. 465; S. C. 5 Sup. Ct. Rep. 529; *Graham* v. *Boston, etc., R. Co.*, 118 U. S. 161; S. C. 6 Sup. Ct. Rep. 1009, and 25 Amer. & Eng. R. Cas. 53. Hence the judgment here sued on, which was duly obtained against the consolidated corporation in a state court in the state of New York, is binding upon the corporation everywhere. *Horne* v. *Boston, etc., R. Co.*, 12 Amer. & Eng. R. Cas. 287; *Nashua, etc., R. Co.* v. *Boston, etc., R. Co.*, 16 Amer. & Eng. R. Cas. 488; *Graham* v. *Boston, etc., R. Co., supra.*

3. Whether or not the provisions of the constitution of Pennsylvania, relied on as invalidating the defendant's issue of bonds, the subject-matter of the judgment, have any application to obligations of this consolidated company, issued in the state of New York, under the authority of and in accordance with the laws of that state, it is not necessary to consider, as the judgment rendered is conclusive upon the defendant, and the case not open to inquiry upon the merits. *Dickson* v. *Wilkinson*, 3 How. 57; *Christmas* v. *Russell*, 5 Wall. 290.

4. The alleged collusive arrangement between the plaintiff and the officers of the defendant company, whereby no defense was interposed, but a recovery promoted, is not available here; it being well settled that to an action in one state, on a judgment obtained in another state, such fraud is not pleadable. *Christmas* v. *Russell, supra; Maxwell* v. *Stewart*, 22 Wall. 77; *Graham* v. *Boston, etc., R. Co., supra.*

5. The New York statutory provisions, forbidding suit to be brought upon a judgment rendered in a court of record of that state without a previous order of the court in which the original action was brought, granting leave to bring the new suit, must be held as intended only to regulate the course of procedure in the New York state courts. Such was the conclusion of Judges DILLON and LOVE in respect to a similar statute of the state of Iowa. *Phelps* v. *O'Brien Co.*, 2 Dill. 518; 11 Myers, Fed. Dec. § 593. It is an established principle that state legislation cannot in anywise impair or limit the jurisdiction of the courts of the United States. *Id.*; *Hyde* v. *Stone*, 20 How. 170; *Railroad Co.* v. *Whitton, supra.*

6. An action of debt will lie on a judgment of another state, notwithstanding the pendency of an appeal or writ of error. *Merchants' Ins. Co* v. *De Wolf*, 33 Pa. St. 45; *Bank* v. *Wheeler*, 28 Conn. 433.

7. The jurisdiction of this court over the subject-matter of this litigation is not affected by the pending proceedings in the court of common pleas of Elk county, Pennsylvania, in which the custody of certain railroad property has been committed to a receiver; nor will the prosecution of this action to judgment in any degree interfere with the receiver in the discharge of his duties.

Upon the whole, it seems to the court that the affidavit of defense discloses no valid ground for denying judgment in favor of the plaintiff. Therefore the rule to show cause why judgment should not be entered against the defendant must be made absolute; and it is so ordered.

NOTE.

In an action on a judgment obtained in another state the jurisdiction of the court rendering it is the only question that will be examined. Renaud v. Abbott, 6 Sup. Ct. Rep. 1194; Hanley v. Donoghue, Id. 242; Downs v. Allen, 22 Fed. Rep. 805; Glass v. Blackwell, (Ark.) 2 S. W. Rep. 257, and note.

No defense that might have been pleaded in the original action can be interposed in an action on the judgment, Dimock v. Revere Copper Co., 6 Sup. Ct. Rep. 855; nor can a plea that the judgment was procured by fraud, Allison v. Chapman, 19 Fed. Rep. 488; or that the action in which said judgment was obtained, was brought in such other state for the purpose of evading the laws of the state of which the defendant is a citizen, Wittemore v. Malcomson, 28 Fed. Rep. 605.