FRIEDMAN et al. v. HARRINGTON.

(Circuit Court, D. Massachusetts. July 11, 1893.)

No. 3,014.

FEDERAL COURTS—PRACTICE—QUESTION PENDING IN SUPREME COURT.

A federal court should continue a suit in equity brought to restrain a state officer from enforcing a law (Act Mass. March 10, 1891, c. 58) relating to the coloration of oleomargarine, the constitutionality of which is involved in cases pending before the United States supreme court, when it appears that complainant has dealt, and will deal, only in original packages brought into the state, and that the state will not bring any suit to enforce the law against a dealer in original packages until the test cases are decided by the United States supreme court.

In Equity. Bill by Joseph N. Friedman and Gustavus F. Swift, copartners under the name of Friedman & Swift, against Charles Harrington, to restrain respondent from instituting any proceeding against complainants under Act Mass. March 10, 1891, c. 58. Heard on demurrer to the bill. Cause continued.

Robert M. Morse and Henry M. Ayars, for complainants.
Albert E. Pillsbury, Atty. Gen., for the Commonwealth.
Thomas M. Babson, for defendant.

COLT, Circuit Judge. This case raises the question of the constitutionality of a law of the state of Massachusetts, passed March 10, 1891, relating to the coloration of oleomargarine. Acts 1891, c. 58. The same question is raised in two suits (Com. v. Huntley and In re Plumley) now pending before the United States supreme court upon appeal from the supreme judicial court of Massachusetts. Under such circumstances, I do not think that the circuit court should be required to pass upon this question, unless there are special reasons calling for such decision. The plaintiffs in the

present bill seek to enjoin the defendant, who is the milk inspector for the city of Boston, from instituting any criminal prosecution or other proceeding against them or their agents under the said act. This hearing was had upon demurrer to the bill.

The bill alleges that the plaintiffs, who are citizens of the state of Illinois, are wholesale dealers in oleomargarine, and that they have heretofore sold, and propose hereafter to sell, the same, only in the original packages brought into the state of Massachusetts. The statement is made by the attorney general of Massachusetts, representing the defendant, that no case has been brought under this act against a dealer in the original packages, and that it is not proposed to bring any until the constitutionality of the law has been passed upon by the supreme court of the United States in the test cases pending there. This statement is not denied by the plaintiffs. Under these circumstances. I do not see what good a decision of this court can do the plaintiffs. If a decision were made in their favor, it would undoubtedly be appealed by the commonwealth to the supreme court; and, if an injunction were granted against the defendant pending a decision upon such appeal, its operation would be of no substantial benefit to the plaintiffs, because the commonwealth has not and does not propose to enforce the law against sales of original packages of oleomargarine. It is possible that the supreme court may, upon motion, advance the cases there pending upon its calendar, or they may be submitted upon printed arguments, and thus a final determination of this question may be speedily reached. As the property rights of the defendant are not endangered by delay, and as this question can only be settled by a decision of the supreme court, I must decline to pass upon the question at this time, and direct that the case be continued until the next term of this court.