WOODBRIDGE & TURNER ENGINEERING CO. v. RITTER.

(Circuit Court, E. D. Pennsylvania. September 16, 1895.)

No. 30.

1. ACTION ON JUDGMENT OF STATE COURT—TRANSCRIPT OF RECORD.
In an action on a judgment of a state court, an exemplification which is a transcript of the "complete record" of the proceedings, made up according to the practice in the courts of the state, is sufficient when it shows that the court had jurisdiction of the subject-matter and the parties, and that the judgment was in fact rendered.

2. SAME—PENDENCY OF APPEAL—SUPERSEDEAS.
An action on a judgment of a state court will lie notwithstanding the pendency of an appeal; and if, in such case, the affidavit of defense alleges that the appeal operates as a supersedeas, it must not merely aver this as a conclusion of law, but must show the facts upon which it is based, and must therefore state that the security required to suspend execution was given.

This was an action at law by the Woodbridge & Turner Engineering Company against J. Rush Ritter upon a judgment rendered by the supreme court of the state of New Jersey. Rule for judgment for want of a sufficient affidavit of defense.

Patterson & Carr, for plaintiff.
Wm. A. Manderson and Chas. H. Eimerman, for defendant.

DALLAS, Circuit Judge. This action is brought on a judgment of the supreme court of the state of New Jersey. The affidavit of defense sets forth:

"* * * That the said exemplification of record attached to the plaintiff's statement of claim in this case is not the full and complete record of the proceedings in said cause in said supreme court of the state of New Jersey as the same appeared of record and existed on the files of the said office of the clerk of said court at the time of the alleged attestation of said exemplifica-

tion at the time of the date thereof, namely, July 6, 1895, in this: That there are errors and defects existing in that portion of the exemplification of the record attached to plaintiff's statement of claim filed in this case from the record on file in said court; that said exemplification of record does not contain the report of the referee filed in said proceedings, which is material and important; that said record does not contain the oath of the referee, the notice of the filing of the referee's report, which is also important and material, and should have appeared upon the record; that no copy of the docket entries of the proceedings in said supreme court of New Jersey in said cause or of the entry in the judgment docket or index of any judgment having been entered or recovered, the said exemplification fails to show any bill of costs filed in the sum of three hundred and fifty dollars and sixty-four cents, or any taxation thereof, although suit is sought to be brought thereon, and judgment thereon is sought to be recovered in this action; the said exemplification fails to show the issuance of a writ of fi. fa. in said action, which, as a matter of fact, was issued out of said supreme court on the 27th day of June, 1895,—all of which facts are true, as will appear by a comparison of the exemplification filed in this case, and the record as it appears in the supreme court of New Jersey. That the judgment so rendered in the supreme court of New Jersey was appealed from, and a writ of error taken to the court of errors and appeals of the said state of New Jersey, notice of the taking of which was served upon the counsel of the said plaintiff in said action. That the said writ of error has been perfected, and the writ of error promptly brought into the office of the said supreme court, and entered upon the docket thereof in said cause on the 12th day of July, 1895. That the said writ of error, as deponent is advised, informed, and believes, was taken within the statutory period to enable the same to be a supersedeas, which is still pending and undetermined. That, there being no final judgment unappealed from, this court has no jurisdiction over the subject-matter of this controversy. The record, the exemplification of which is filed in this cause, and the basis of this action being imperfect, incomplete, and defective, this court has no jurisdiction."

The validity of the two defenses thus set up is challenged by the plaintiff's rule for judgment.

1. The exemplified copy which is said to be defective is not so. It is a transcript of the "complete record." The entries and documents referred to in the affidavit constitute no part of it. Revision N. J. 1709–1877, p. 877. The form of the record of a judgment is regulated by the practice of the court in which the action is prosecuted. The record sued upon in this case shows the existence of every essential fact. It appears from it that the court had jurisdiction of the subject-matter of the action and of the parties, and that a judgment had in fact been rendered. Maxwell v. Stewart, 22 Wall. 79.

2. It has been held in this circuit (Union Trust Co. v. Rochester & P. R. Co., 29 Fed. 609) that "an action of debt will lie on a judgment of another state, notwithstanding the pendency of an appeal or writ of error." This affidavit asserts that the appeal from the New Jersey judgment operated as a supersedeas, but this averment is of a legal conclusion; and the facts upon which the correctness of that conclusion depends are not alleged. It is not stated that the security required to suspend execution was entered. Moreover, even if it appeared that the appeal superseded the judgment, it is, to say the least, extremely doubtful whether the rule which was unqualifiedly laid down in Union Trust Co. v. Rochester & P. R. Co., supra, would not still be applicable. The rule for judgment is made absolute.