### A. COOLOT CO. v. L. KAHNER & CO.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1905.)

No. 1,168.

1. JUDGMENT—ACTION ON—COMPLAINT.

In an action on a judgment of a state court of record alleged to be in full force and effect, it is not necessary that the complaint should allege that no appeal from the judgment has ever been taken, nor that the time for appeal has expired.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1740.]

2. APPEAL—REVIEW—AMENDMENTS REGARDED AS MADE.

Where the evidence received without objection supports the verdict, the pleadings, if defective, will be presumed by an appellate court to have been amended to conform to the proof.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3622.]

In Error to the Circuit Court of the United States for the Northern District of California.

Wm. H. Chapman, for plaintiff in error.

Jesse W. Lilienthal, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This action was brought upon a judgment rendered in the Supreme Court of the state of New York on November 27, 1903, for $4,833.63, in favor of defendant in error against the plaintiff in error herein. The complaint, after reciting the facts necessary to give the circuit court jurisdiction, and the entry of judgment, alleges:

"That said judgment still remains in full force and effect, and in no wise reversed or annulled or modified, or satisfied in whole or in part, and that said judgment has not been paid, and that no part thereof has been paid."

A demurrer was interposed to the complaint on the ground:

"That said complaint does not state facts sufficient to constitute a cause of action against the defendant."

This demurrer was, by consent, overruled. The answer, upon information and belief denied all the allegations in the complaint, and, among other things, alleged:

"That if any judgment as in said complaint described had been given or made by the said court, that such judgment was given and made by the

said court without any jurisdiction of this defendant, and that such judgment if any there is, is not, and at the commencement of this action was not a final judgment, nor has the same become a final judgment."

The cause was tried before a jury, and a verdict, under the direction of the court, was rendered in favor of the defendant in error.

The assignments of error are as follows:

"(1) That the court erred in overruling the demurrer interposed by defendant and plaintiff in error to the original complaint filed in said cause, and by holding and deciding that the facts stated in said complaint were sufficient to constitute a cause of action; (2) that the court erred in rendering judgment against defendant in said cause, the same being based upon a complaint that does not state a cause of action against defendant."

The record upon the writ of error contains none of the proceedings in the court below except such as constitute the judgment roll. When the case came up for hearing in this court, the defendant in error moved to dismiss the writ of error for failure upon the part of the plaintiff in error to bring up a sufficient record, and, in support of this motion, counsel presented an affidavit, which among other things, stated:

"That plaintiff in error has wholly failed to comply with subdivision 7 of rule 23 of this court (90 Fed. xciv, 31 C. C. A. xciv), providing for the service on the adverse party of a copy of the statement, showing the parts of the record which the plaintiff in error thinks necessary for the consideration of the case: * * * that the contention of the plaintiff in error is that the complaint should have alleged that said judgment had not been appealed from, and that the time to appeal had expired at the time of the commencement of this action; * * * that the case was tried before a jury, and proof adduced to show that at the time of the commencement of the action herein the time to appeal from said judgment * * * had expired, and that no appeal had been taken; that plaintiff in error introduced no evidence in support of said defense; * * * that said proceedings before the jury are a material part of the record, and the printing thereof in said transcript has not been waived or the omission thereof consented to by defendant in error."

Upon the hearing of this motion, this court—

"Ordered that the said motion to dismiss be, and hereby is, overruled; and it is further ordered that the plaintiff in error be, and hereby is, required either to file his written admission of the truth of the affidavit of counsel for the defendant in error, filed herein on the 7th day of February, 1905, or to procure and file herein a certified transcript of the deposition of Benjamin N. Cardozo, referred to in the said affidavit."

In his brief "the plaintiff in error, in fulfillment of said requirement, hereby expressly admits the truth of the said affidavit in its entirety." The contention of the plaintiff in error is, that until an appeal is disposed of, or the time to take an appeal has expired, the cause is pending, and until the judgment becomes final, no cause of action accrues thereon; that the pleading is to be construed against the pleader, and in the absence of any allegation in the complaint to the effect that the time for appeal has expired, the presumption is that the time has not expired, and upon these grounds asks for a reversal of the judgment. Is the complaint absolutely defective? Did the court err in directing the jury to find a verdict in favor of the defendant in error?

A judgment of a court of general jurisdiction of a sister state is entitled, under the Constitution and laws of the United States, to all the

dignity of a record in respect to pleadings and evidence. In 2 Black on Judg. § 874, the author says:

"A complaint declaring on a judgment of another state is sufficient in matter of description when it sets forth the court in which the judgment was rendered, the place where the court was held, the names of the parties, the date of the judgment, and the amount recovered."

The rule of law is well settled, that in bringing suit on a judgment rendered in a court of record in another state, it is not necessary for the plaintiff to aver that the court had jurisdiction either of the person or subject-matter, or to set out the facts conferring jurisdiction, for jurisdiction is presumed to have existed until the contrary is clearly shown by way of defense to the action. 2 Black on Judg. § 875; and authorities there cited. The defendant in error, for the purpose of its complaint, had the right to rely upon the same presumption to which it would have been entitled if it had been declaring upon a judgment in the same state in which it was rendered, and leave the plaintiff in error to plead and prove want of jurisdiction if it could. If the action was brought in California, before the time allowed by the statute of New York for the plaintiff in error to appeal, it would have been a matter of defense in the present action, and could have been set up in the answer, and if true, could have been shown by it; but no evidence of this kind is shown by the record to have been introduced at the trial. It was not necessary for defendant in error to allege that no appeal had ever been taken, nor that the time to take an appeal had expired. In Chaquette v. Ortet, 60 Cal. 594, 601, the court said:

"The point that the complaint in the present action should have alleged that the decree of the equity court was never appealed from, is not well taken. The complaint charges that that decree remains unpaid and in full force, which is sufficient. Freeman on Judgments, §§ 432–434, and authorities there cited."

It is true, as plaintiff in error contends, that a judgment must be final in order to sustain an action thereon. But the judgment in question certainly became final if the time for taking an appeal thereon had expired. A judgment is none the less a final judgment, within the meaning of the rule requiring judgments to be final in order to sustain an action thereon, because an appeal is pending, if no supersedeas bond on appeal is given. The law is well settled that, unless it appears that the appeal, if one had been taken, suspends the judgment in the state where it was rendered, its pendency is no bar to an action in another state on the judgment. In Dow v. Blake, 148 Ill. 76, 84, 35 N. E. 761, 39 Am. St. Rep. 156, the court said:

"The pendency of an appeal which operates as a stay is a matter to be proven as a defense to, or in suspension of, the action."

In Faber v. Hovey, 117 Mass. 107, 19 Am. Rep. 398, Gray, C. J., delivering the opinion of the court, said:

"The case stated shows that by the law of New York an appeal does not vacate the judgment appealed from, or stay execution, unless the appellant gives security to pay the judgment, with costs and damages, if it is affirmed. * * * It follows that the judgment recovered by the plaintiff against the defendants is in full force, notwithstanding the appeal, and that the plaintiff is entitled to maintain this action thereon. And so are all the authorities."

See, also, Union Trust Co. v. Rochester & P. R. Co. (C. C.) 29 Fed. 609; Woodbridge & Turner E. Co. v. Ritter (C. C.) 70 Fed. 677.

Applying these rules to the complaint, it necessarily follows that the court did not err in overruling the demurrer. When to this is added the fact, as shown by the admission of the plaintiff in error, that it was duly proven at the trial that the time for appeal from the judgment in New York had expired, and that no exception was taken to such proof, and no evidence to the contrary offered at the trial, and it not appearing that any objection was made in the court below to the direction of the judge to the jury to find a verdict for the defendant in error, there does not appear to be any legal peg upon which the plaintiff in error can hang its hope for a reversal of the case. The presumption for which it contends is without support in reason or authority. Casting aside for the moment, the existence of the facts set forth in the affidavit of counsel for the defendant in error, it would, nevertheless, be the duty of this court—even if the complaint was defective and the court erred in overruling it—to presume that the pleading had been amended so as to allow such proof to be admitted, and the error, if any, was cured by the verdict. Every matter which would have been admissible by way of amendment to the complaint, should be deemed to have been added, or its absence waived or cured after verdict. Davidson v. Oregon & C. R. Co. (Or.) 1 Pac. 705. Where the evidence supports the verdict, the pleadings, if defective, will be treated as amended to conform to the proofs. Haley v. Kilpatrick, 104 Fed. 647, 44 C. C. A. 102. In Nashua Savings Bank v. Anglo-American Co., 189 U. S. 221, 231, 23 Sup. Ct. 517, 47 L. Ed. 782, the court said:

"The trial proceeded under the third count of the declaration, which was in indebitatus assumpsit, and no objection was made to the evidence offered upon the ground of variance. Under such circumstances, and without expressing an opinion as to the admissibility of the evidence offered, the declaration is good after verdict. In Roberts v. Graham, 6 Wall. 578, 18 L. Ed. 791, we held that variances between the allegation and proof must be taken when the evidence is offered, and if such evidence be sufficient to support the verdict the defect in the declaration is cured. Patrick v. Graham, 132 U. S. 627, 10 Sup. Ct. 194, 33 L. Ed. 460."

See, also, Chicago, M. & St. P. Ry. Co. v. Voelker, 129 Fed. 522, 529, 65 C. C. A. 226.

In Ladd v. Piggot (Ill.) 2 N. E. 503, the court quoted with approval the language in 1 Chit. Pl. (14th Am. Ed.) 673:

"That where there is any defect, imperfection, or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet, if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict."

The judgment of the Circuit Court is affirmed.