## GENERAL FINANCE CORPORATION v. PENN NAT. HARDWARE MUTUAL et al.

(District Court, M. D. Pennsylvania. January 15, 1927.)

No. 1816.

1. **Judgment ⬅=903—Action may be maintained on judgment, though still subject to review, unless there has been a supersedeas (Comp. St. § 1666).**

Action may be maintained on a judgment of a federal court, though brought before expiration of the time for suing out writ of error for its review, unless it has been superseded as provided in Comp. St. § 1666.

2. **Judgment ⬅=913—In action on judgment, it need not be alleged that no proceedings for review are pending, or may be brought.**

In an action on a judgment it is not necessary for plaintiff to allege that no appeal or proceedings in error are pending, or that the time for taking the same has expired.

3. **Judgment ⬅=913—In action on judgment, plaintiff must set out full copy of record of the judgment (Pennsylvania Practice Act 1915, § 5 [Pa. St. 1920, § 17185]).**

Under Pennsylvania Practice Act 1915, § 5 (Pa. St. 1920, § 17185), in an action on a foreign judgment, the statement of claim is insufficient which is not accompanied by a full copy of the record of the judgment, including copies of notes, contracts, etc., on which the judgment is based.

At Law. Action by the General Finance Corporation against the Penn National Hardware Mutual and the American Surety Company of New York. On affidavit of defense raising questions of law. Sustained in part.

Hause, Evans & Baker, of Harrisburg, Pa., for plaintiff.

Snyder, Miller & Hull, of Harrisburg, Pa., and James S. Woods, of Huntingdon, Pa., for defendants.

JOHNSON, District Judge. This is an action of assumpsit upon a judgment obtained by the plaintiff against the defendants in the United States District Court for the Western District of Texas, El Paso Division. The judgment was recovered there on the 13th day of January, 1926, for the sum of $118,053.94, with interest and costs. On February 11, 1926, the District Court of the Western District of Texas overruled the defendants' motion for a new trial.

The plaintiff brought this action in the United States District Court for the Middle District of Pennsylvania on the 16th day of March, 1926, within the time allowed for the appeal from the judgment of the United States District Court for the Western District of Texas. After the plaintiff instituted suit in the Middle district of Pennsylvania, March 16, 1926, within the period of 90 days allowed after final judgment for the taking of an appeal, the defendants on March 27, 1926, took an appeal to the United States Circuit Court of Appeals, Fifth Circuit, from this judgment of the United States District Court, on which this suit in the United States District Court for the Middle District of Pennsylvania is based.

There is nothing on the record to show that the defendant secured a supersedeas which would prevent execution on said judgment in the Western district of Texas, and which would prevent the institution of suit on it in the United States District Court for the Middle District of Pennsylvania. On April 28, 1926, the defendants filed their affidavit of defense, raising questions of law as follows, which will be discussed in their order:

[1] "First. The certificate, marked Exhibit A and attached to the statement of the plaintiff in this case, shows that the judgment was entered against the defendant companies in the said District Court of the United States for the Western District of Texas, El Paso Division, upon the 13th day of January, 1926, and said certificate is dated on the 5th day of March, 1926, being within the time allowed for taking an appeal from said judgment, and, as the certificate now shows, is not such a final judgment as could be offered in evidence in support of the claim of the said plaintiff in this action."

The question here raised is whether the judgment is such a final judgment as can be made the basis of a suit, because the certificate of the clerk of the United States District Court is dated within the time allowed for the taking of an appeal from the said judgment. The judgment in this case became ripe for execution on the 21st day of February, 1926, 10 days after refusal of a new trial.

Section 1666 (U. S. Compiled Statutes 1918, p. 220) provides as follows:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ (of) error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterwards with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of ten days."

Under the law as it now stands, it is necessary for appellant, if he desires to make his appeal a supersedeas, or stay of execution, to serve his writ of error within 60 days of the date of the judgment, giving security for damages and costs. The defendants have not obtained a supersedeas to prevent execution on this judgment, and there is nothing to suspend the right of execution in the jurisdiction of the court entering the judgment, and therefore nothing to prevent suit here.

In A. Coolot Co. v. L. Kahner & Co. (9th Circuit) 140 F. 836, it was held that it is not necessary to allege that no appeal from the judgment has been taken, nor that the time for taking the appeal has expired for the reason that a suit on the judgment can be maintained, even though an appeal has been taken, provided there is no supersedeas. In this case, Hawley, District Judge, on page 838, said:

"It is true, as plaintiff in error contends, that a judgment must be final in order to sustain an action thereon. But the judgment in question certainly became final if the time for taking an appeal thereon had expired. A judgment is none the less a final judgment, within the meaning of the rule requiring judgments to be final in order to sustain an action thereon, because an appeal is pending, if no supersedeas bond on appeal is given. The law is well settled that, unless it appears that the appeal, if one had been taken, suspends the judgment in the state where it was rendered, its pendency is no bar to an action in another state on the judgment."

[2] "Second. The said certificate marked Exhibit A fails to show that within the time allowed by law a writ of error and appeal from said judgment of the 13th day of January 1926, was taken by the said defendant companies to the United States Circuit Court of Appeals for the Fifth Circuit, sitting at New Orleans, La., in said circuit, which appeal was in fact taken and allowed on the 27th day of March, 1926, and the record of

said judgment removed from the District Court of the United States for the Western District of Texas, El Paso Division, to the United States Circuit Court of Appeals for the Fifth Circuit, as appears by a copy of the petition for said writ of error, with the assignments of error and the allowance of said writ, together with the writ, hereto attached, marked Exhibit A and made part hereof."

In A. Coolot Co. v. L. Kahner & Co. (9th Circuit) 140 F. 836, it was held that it is not necessary to allege that no appeal had been taken, nor that the time for the taking of an appeal had expired.

In Lesamis v. Greenberg (C. C. A.) 225 F. 449, it was contended that the District Court of Alaska should have postponed the sale until the appeal to the Circuit Court of Appeals was heard. This contention was overruled. Judge Wolverton, who wrote the opinion in the Circuit Court of Appeals, on page 453, said:

"Again, it is urged that, under the motion, the court should have postponed the sale until the appeal to this court was heard. Section 508, Alaska Code (1 Fed. Stat. Ann. 148), provides that all provisions of law regulating the procedure and practice, in cases brought by appeal or writ of error to the Supreme Court or the Circuit Court of Appeals, shall regulate the procedure and practice pertaining to appeals and writs of error from the Alaska courts. The Revised Statutes of the United States provide for supersedeas, and the manner in which it may be obtained. Otherwise the courts will not ordinarily stay execution or postpone sales pending hearing on appeal."

In Jenner v. Murphy, 6 Cal. App. 434, 92 P. 405, the statement of Judge Cooper is in point:

"The appellant claims that, because an appeal had been taken, the judgment was not a final judgment; or, in other words, his contention is—and he asks us to hold—that a creditor, who has reduced his claim to a judgment in a court having jurisdiction, cannot be allowed to bring an action to set aside a fraudulent conveyance pending an appeal from such judgment, although no undertaking has been given to stay execution. He asks us to hold that a judgment creditor, entitled to an execution, may be deprived of the right to maintain an action like this pending an appeal, which may be delayed for years, and with no security for the final payment of the judgment. We would be loath to follow any case which would sustain such

a doctrine, but to the credit of the law no case has been cited which even lends countenance to such contention. * * * The law presumes that a judgment, until reversed, is a correct judicial determination of the rights of the parties."

In Sewell v. Johnson, 165 Cal. 762, 134 P. 704, Ann. Cas. 1915B, 645, Judge Lorigan said:

"The fact that the time for appeal has not expired does not prevent the issuance or the levy of execution under a money judgment, nor is the right to have execution affected by the fact that an appeal is actually taken, unless an undertaking to stay execution has been given. It must accordingly be held that, in the absence of such undertaking, a plaintiff who has recovered judgment may maintain a creditor's bill, notwithstanding the fact that the time for an appeal has not expired, or an appeal has actually been taken and is pending."

"Third. The said Exhibit A, attached to plaintiff's statement, shows that the said action was brought before the judgment of the 13th day of January, 1926, had become a final judgment, such as would sustain an action thereon."

It is clear, from what has been said above, that the judgment on which plaintiff has brought this suit was a final judgment, and that no supersedeas has been obtained, and therefore the plaintiff had a right to bring suit on the judgment.

"Fourth. The said Exhibit A, attached to plaintiff's statement, shows that the judgment mentioned therein is not such a judgment as could be offered in evidence in support of the suit brought thereon."

The position taken by the defendants in this fourth point cannot be sustained, for the reasons stated under the previous points.

On September 21, 1926, defendants filed their supplemental affidavit of defense, setting forth a fifth objection to plaintiff's suit as follows:

[3] "Fifth. The paper writing marked Exhibit A, attached to the plaintiff's statement, is not a copy and exemplification of the full and complete record leading up to and upon which said judgment was founded."

The question of law raised in defendants' fifth point must be sustained. Section 5 of the Pennsylvania Practice Act of 1915 (P. L. 483; Pa. St. 1920, § 17185) provides:

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or

defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation. Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defense, as the case may be; and a particular reference to such record, or to the record of any deed or mortgage, or other instrument of writing, recorded in such county, shall be sufficient in lieu of a copy thereof."

"In an action on a foreign judgment, a statement of claim is insufficient if it does not contain a full copy of the record." Sevison et al. v. Blumenthal, 9 Kulp (Pa.) 392. In this case Judge Woodward said:

"Again, in the case of Finck v. White, Advance Repts. for April 14, 1899, it is held that, 'in an action on a foreign judgment, a statement of claim is insufficient if a full copy of the record is not given, including copies,' etc. It is claimed that in the present case this rule of the law has not been complied with."

In the above case the exemplification of the record was objected to, because it did not contain copies of notes, contracts, etc., which the Practice Act of 1887 (P. L. 271) required.

"In an action upon a foreign judgment, a statement of claim is insufficient which is not accompanied by a full copy of the record of the judgment, including copies of notes, contracts, etc., upon which the judgment is based; but where the statement is defective in not setting out a full copy of the record of the judgment, the plaintiff should be allowed a reasonable time to amend it, by adding thereto the omitted portions of the record, before final judgment is entered against him." Finch v. White, 190 Pa. 86, 42 A. 457.

The. Supreme Court in the per curiam opinion on page 88 (42 A. 458), held: "While we are all of opinion that the court below rightly held, on the authority of Campbell v. Railway Co., 137 Pa. 574 [20 A. 949], the plaintiff's statement is defective and insufficient, in that it is not accompanied by a full copy of the record of the Maryland judgment on which this action is founded, we think that, in the circumstances, reasonable time should have been given the plaintiff, before final judgment was entered against her, in which to amend her statement by appending thereto a full and complete exemplification of the record of the judgment that is claimed to be the basis of this action. That can still be accomplished by so modifying the judgment as to make it provisional instead of absolute and final. It is accordingly ordered that the plaintiff have leave to amend her statement by adding thereto, within 30 days, a full and complete exemplification of the record of said judgment, and in default of her so doing, within the time specified, final judgment against her and in favor of the defendant shall be forthwith entered."

The first four questions of law raised in defendants' first four points must be overruled and dismissed, but the fifth question of law raised must be sustained, and the plaintiff should be allowed 30 days from the date of the filing of this opinion to amend its statement of claim.

And now, January 15, 1927, the first four questions of law raised in defendants' affidavit of defense are overruled and dismissed, and the fifth question of law raised is sustained; the plaintiff is allowed 30 days in which to amend its statement, by adding a full copy of the record of the judgment on which this suit is based.