## MOUNTAIN STATES TELEPHONE & TELEGRAPH CO. v. POOLER.

### No. 8367.

Circuit Court of Appeals, Ninth Circuit.
Aug. 9, 1937.

Gunn, Rasch, Hall & Gunn, of Helena, Mont., Milton Smith, Jr., of Denver, Colo., and Thomas J. Walker, of Butte, Mont., for appellant.

Thomas J. Davis and L. C. Myers, both of Butte, Mont., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, a citizen of Montana, hereafter called plaintiff, brought this action against appellant, a Colorado corporation, hereafter called defendant, to recover damages for personal injuries alleged to have been sustained by plaintiff. The amended complaint, hereafter called the complaint, contains two counts. The first is for $35,450 claimed as actual damages. The second is for $105,000 claimed as punitive damages. The jury returned a verdict in plaintiff's favor for $20,000 on the first count and for $1 on the second. Judgment was entered accordingly. This appeal followed.

Defendant demurred to the complaint and to each count thereof, on the ground that the complaint did not, in either count, state facts sufficient to constitute a cause of action. The demurrer was overruled. This ruling is assigned as error.

The first count of the complaint alleges that defendant, being engaged in the telephone business, maintained a system of wires and poles in the neighborhood of plaintiff's home in Butte, Montana. The first count further alleges:

"That on or about the 5th day of November, 1932, said defendant * * * carelessly and negligently, placed three rolls of telephone wire in plaintiff's yard, and did so without the consent of plaintiff and against his will; that each of the said rolls of wire was approximately two feet six inches to three feet in diameter and held approximately 140 feet of wire.

"That on or about the ———— day of ———— and several times thereafter, plaintiff made repeated requests and demands of the said defendant that it remove the aforesaid three rolls of wire from his property.

"That notwithstanding the repeated requests and demands of plaintiff that said de-

fendant remove the said three rolls of wire from plaintiff's premises, the said defendant * * * carelessly and negligently failed and refused to remove said three rolls of wire.

"That a cement walkway runs from plaintiff's back door to the alley and in a westerly direction from the home of plaintiff. That said three rolls of wire were by the defendant placed to the north of said walkway and abutting the alley and at a distance from said walkway of approximately six feet; that the tension on the wire around said rolls was great; that on or about the 20th day of June, 1933, and before plaintiff fell over said wire, the clamp or appliance that held the outer end of said wire on one of said rolls against the roll was either removed, broken, or insecurely placed on said roll in the first instance, and that the release of the said end of the wire caused same to unwind and spread much the same as a spring, and that said wire sprung and unwound and by so doing enveloped the said walkway; that plaintiff did not know that said wire had encompassed the walkway as herein charged until after he had fallen, as hereinafter alleged.

"That on or about the 20th day of June, 1933, and between the hours of 6:00 and 7:00 o'clock, p. m., plaintiff was walking on the said walkway and on his premises and in a westerly direction, and as he did so the sun shone in his face and eyes making it difficult for him to see, and while so walking, he, plaintiff, was using due care and caution, and at the said time and place his feet became entangled in said wire, which caused him to trip and fall and strike the ground with great force and violence, and by reason of said fall plaintiff was severely injured and damaged. * * *"

After describing in detail the injuries sustained by plaintiff, the first count alleges further: "That defendant * * * knew or in the exercise of reasonable care and prudence should have known that the wire on said roll would spread and scatter as it did upon the release of the outer end of said wire and that upon being released that said wire would cover the aforesaid walkway; that plaintiff did not know that the tension on said wire was so great and did not realize that upon the release of the outer end of said wire that same would scatter and spread and cover the aforesaid walkway, nor did plaintiff know or realize that said rolls of wire were dangerous in any respect."

The second count of the complaint is identical with the first, except that, instead of alleging that the acts complained of were done "carelessly and negligently," it alleges that they were done "unlawfully, wilfully, oppressively, and maliciously," and, instead of claiming actual damages in the sum of $35,450, it claims punitive damages in the sum of $105,000.

Thus, it is seen, the complaint charges defendant with carelessly, negligently, unlawfully, willfully, oppressively, and maliciously (1) placing three rolls of wire in plaintiff's yard without his consent and against his will, and (2) failing and refusing to remove said rolls of wire from plaintiff's yard, notwithstanding such removal was repeatedly requested and demanded by plaintiff. No other act of defendant is complained of.

The complaint does not allege, nor does it state facts from which it may be inferred, that defendant's acts caused plaintiff's injuries. On the contrary, it appears from the complaint that plaintiff's injuries, if not caused by his own negligence, were caused by the removal or breaking of the clamp or appliance which held the outer end of the wire on one of the rolls mentioned in the complaint, or by the insecure placing of the clamp or appliance on the roll in the first instance, and by the consequent release of the outer end of the wire, which, according to the complaint, caused the wire to unwind, spread, spring, and scatter and to envelop and cover the walkway on which plaintiff was walking when injured. The complaint does not state who removed or broke the clamp or appliance, or by whom it was insecurely placed on the roll in the first instance. There is nothing to indicate that defendant did any of these things or caused them to be done.

The complaint alleges that defendant knew, or, in the exercise of reasonable care and prudence should have known, that, upon being released, the wire would spread and scatter and cover the walkway as it did, but the complaint does not allege, nor does it state facts from which it may be inferred, that defendant knew, or could have known, or had any reason to anticipate, that the wire would be so released. The release of the wire was caused, according to the complaint, by the removal or breaking of the clamp or appliance which held the outer end of the wire on one of the rolls, or by the insecure placing of the clamp or appliance on the roll in the first instance. There is

nothing to indicate that defendant knew, or could have known, or had any reason to anticipate, that any of these things would happen. We hold, therefore, that the facts stated in the complaint are insufficient to constitute a cause of action.

Even presuming it to have been amended to conform to the proofs (A. Coolot Co. v. L. Kahner & Co. [C.C.A.9] 140 F. 836, 839), still the complaint in this case is fatally defective. Plaintiff's proofs were no better than his pleading. There was evidence that defendant did the acts complained of, and that plaintiff sustained the injuries described in the complaint, but there was no evidence that defendant's acts caused plaintiff's injuries. Being itself unsupported by the evidence, the verdict could not and did not cure the defects in the complaint.

Judgment reversed and case remanded, with directions to sustain the demurrer to the complaint and to each count thereof.