**SLADE v. DICKINSON.**
**VAUGHAN et al. (AGNEW et al., Interveners) v. DICKINSON.**
Civ. A. Nos. 1185, 1203.

United States District Court
W. D. Michigan, S. D.
Jan. 27, 1949.

Craig E. Davids and Allaben, Wiarda, Hayes & Hewitt, all of Grand Rapids, Mich., for plaintiff Slade.

Julius H. Amberg, of Grand Rapids, Mich. (James A. Vaughan, of New York City, and Butterfield, Amberg, Law & Buchen of Grand Rapids, Mich., of counsel), for plaintiffs and interveners Vaughan, Agnew and others.

George S. Norcross and Warner, Norcross & Judd, all of Grand Rapids, Mich., for defendant Dickinson.

STARR, District Judge.

On August 3, 1948, after protracted litigation, a final decree was entered in the United States District Court for the Southern District of New York in a suit in which Albert G. Dickinson of Grand Rapids, Michigan (defendant herein), was plaintiff, Arthur W. Rinke and others were defendants, and Petroleum Conversion Corporation and others were intervener claimants. That decree granted judgments against Dickinson and in favor of designated intervener claimants for the specified amounts of their respective claims, which judgments aggregated approximately $409,-000. On September 1, 1948, Dickinson appealed from that decree to the United States Court of Appeals for the Second Circuit and filed cost bond. However, he did not file supersedeas bond to obtain a stay on appeal, as required by Rules 62(d) and 73(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That appeal is now pending.

On August 17, 1948, Marshall P. Slade, a judgment creditor under the New York decree, filed complaint in Civil Action No. 1185, and on September 17, 1948, James A. Vaughan and others, judgment creditors under that decree, filed complaint in Civil Action No. 1203. On motion Cornelius R. Agnew and others, also judgment creditors under the New York decree, were granted leave to intervene as plaintiffs in the latter case. These plaintiffs and the interveners asked for judgments against defendant Dickinson based on their respective judgments provided for by the New York decree. They have filed motions for summary judgments, on the ground that there is no genuine issue of fact or law involved because their claims are based upon the final decree of the New York District Court, from which defendant has appealed, but which he has not stayed by filing a supersedeas bond. On the other hand, the defendant has filed a motion in each case for a continuance until the appeal from the New York decree has been determined. As these two suits involve the same facts and issues of law, it was agreed that they be consolidated for hearing on the motions for summary judgment and on the motions for continuance.

Rule 62, Federal Rules of Civil Procedure (Stay of Proceedings to Enforce a Judgment), provides in subsection (d):

"Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

Rule 73, Federal Rules of Civil Procedure (Appeal to a Circuit Court of Appeals), provides in subsection (d):

"Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. * * * When the judg-

ment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay".

Under these rules of procedure a party taking an appeal from a judgment rendered against him in a United States District Court can stay proceedings to enforce that judgment pending appeal, only by furnishing a supersedeas bond. Fidelity & Deposit Co. of Maryland v. Davis, 4 Cir., 127 F.2d 780. Defendant Dickinson has not furnished a supersedeas bond in connection with his appeal from the decree of the New York District Court and, therefore, proceedings to enforce the judgments provided for by that decree are not stayed pending his appeal. In the absence of a stay the plaintiffs and interveners in the present suits could proceed by execution in the New York jurisdiction to enforce their judgments provided for by the District Court decree. However, they could not proceed with execution for the enforcement of the New York judgments in this jurisdiction until those judgments had been sued upon and reduced to judgments in this jurisdiction. 50 C.J.S., Judgments, § 892, pages 495, 496, and authorities cited.[1]

The present suits are a method of enforcing the New York judgments, and their enforcement by execution in the New York jurisdiction, or by these suits in this jurisdiction, are but alternative methods of enforcement. In the case of Town of Fletcher v. Hickman, 8 Cir., 165 F. 403, the court held that a judgment creditor could maintain an action against a judgment debtor, even though the creditor could have enforced the judgment by execution issued thereon. The court said, 165 F. at pages 404, 405:

"The right to enforce payment of a judgment by process of execution is merely cumulative. The obligation of the judgment debtor is to pay the judgment when rendered. If he fails to perform the obligation, no reason is perceived why the judgment creditor may not resort to the courts of the land to enforce it."

If defendant Dickinson desired to stay execution in New York or to stay suits in other jurisdictions for the enforcement of the New York judgments, pending his appeal therefrom, he was required to file a supersedeas bond. No stay having been obtained, it is clear that the pendency of the appeal from the New York decree does not bar the present suits based on the judgments provided for by that decree. General Finance Corporation v. Penn Nat. Hardware Mutual, D.C., 17 F.2d 383; A. Coolot Co. v. L. Kahner & Co., 9 Cir., 140 F. 836; Woodbridge & Turner Engineering Co. v. Ritter, C.C., 70 F. 677; Union Trust Co. v. Rochester & P. R. Co., C.C., 29 F. 609. In the General Finance Corporation case the plaintiff recovered a judgment against the defendant in a Federal district court in Texas. The defendant appealed from the judgment but did not furnish a supersedeas bond to obtain a stay. During the pendency of the appeal the plaintiff began suit on the Texas judgment in a Federal court in Pennsylvania. In holding that the pendency of the appeal from the Texas judgment did not bar the suit in Pennsylvania, the court said, 17 F. 2d 384:

"Under the law as it now stands, it is necessary for appellant, if he desires to make his appeal a supersedeas, or stay of execution, to serve his writ of error within 60 days of the date of the judgment, giving security for damages and costs. The defendants have not obtained a supersedeas

---

[1] Section 1963, new Federal Judicial Code, effective September 1, 1948, 28 U. S.C.A. § 1963, provides:

"A judgment in an action for the recovery of money or property entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

Civil Action 1185 was begun prior to the effective date of the Code, and although Civil Action 1203 was begun subsequent to that date, the judgments provided for by the New York decree had not become "final by appeal," which was a prerequisite to their registration in this district.

to prevent execution on this judgment, and there is nothing to suspend the right of execution in the jurisdiction of the court entering the judgment, and therefore nothing to prevent suit here."

■ The defendant in effect concedes that, under the above authorities, the pendency of the Dickinson appeal from the New York decree, without the filing of a supersedeas bond to obtain a stay, does not bar the present suits. However, he contends that this court, in the exercise of its discretion, may and should grant a continuance in each case and withhold the granting of judgments until the appeal from the New York decree has been determined. In support of this contention defendant cites Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; Brendle v. Smith, D.C., 46 F.Supp. 522; Ratner v. Paramount Pictures, Inc., D.C., 46 F.Supp. 339; Ryan v. Seaboard & R. R. Co., C.C., 89 F. 397; and Friedman v. Harrington, C.C., 56 F. 860. Careful examination of these cases discloses that they are not in point. They express the general principle that, in the interest of time and effort for the court, counsel, and litigants, every court has the power to control the disposition of cases on its docket and also the incidental power, under some circumstances, to stay proceedings in a pending suit. They merely illustrate that, when an action brought in one jurisdiction involves the same issues and the same parties, or parties in a like position, as are involved in an action pending in another jurisdiction, proper judicial administration may call for a stay of proceedings in the former jurisdiction pending determination of the same issues in the latter. Thus, in the Landis case, suits brought in the District Court for the District of Columbia by two holding companies to enjoin the Securities and Exchange Commission from enforcing the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., on the ground that the Act was unconstitutional, were stayed to await the decision in a suit involving the same issue brought by the Securities and Exchange Commission in a New York district court. Under such circumstances a stay is granted in the interest of efficient administration of the courts and to save the duplication of time and effort of parties and counsel which would result from the simultaneous litigation of identical issues in different jurisdictions. However, the present suits do not involve the same issues of fact and law that were involved in the New York litigation or in the appeal from the decree entered therein, and thus there is no problem of the simultaneous litigation of the same issues in different jurisdictions. These suits are simply proceedings to enforce the judgments provided for by the final decree of the New York District Court.

■ Under procedural Rules 62(d) and 73(d) quoted above, a party appealing from a judgment rendered against him in a Federal district court can stay proceedings for the enforcement of the judgment by execution in that jurisdiction or by suit on the judgment in another jurisdiction, only by furnishing a supersedeas bond. To grant defendant's motions for continuance in the present cases would in effect stay these proceedings for the enforcement of the New York judgments and would give defendant the benefit of a stay pending his appeal without his furnishing a supersedeas bond. This court cannot so disregard the Federal Rules of Civil Procedure. The granting of defendant's motions for continuance is not a discretionary matter. The varying rules expressed in State-court decisions relative to the staying of proceedings for the enforcement of judgment have no bearing on the question presented here.

Defendant's motions for continuance in the present cases are denied. The defendant has conceded that, if his motions are denied, plaintiffs and interveners are entitled to summary judgments. Therefore, the motions of plaintiffs and interveners for summary judgments in the present cases are granted.

Judgments, based upon the judgments provided for by the August 3, 1948, decree of the New York District Court, will be entered in favor of the plaintiffs and interveners and against defendant Albert G. Dickinson in Civil Actions Nos. 1185 and 1203.