## DUNHAM v. BOARD OF EDUCATION OF CITY SCHOOL DIST. OF CITY OF CINCINNATI.

Common Pleas Court, Hamilton County.

No. A-121644.   Decided July 12, 1950.

George J. Weller, Cincinnati, for plaintiff.
Henry M. Bruestle, City Solicitor, James W. Farrell, Jr., Asst. Solicitor, Cincinnati, for defendant.

## OPINION

By SCHNEIDER, J.

The first amended petition of plaintiff alleges that Edward Dunham, eight years of age, son of plaintiff, was denied admission to one of the public schools of defendant after he had previously been legally admitted and enrolled, because plaintiff refused to sign a card giving his consent to having his son vaccinated; that the action of the defendant-board was taken pursuant to a regulation of said board providing as follows: "No person shall be admitted as a pupil in any day school who does not show satisfactory evidence of immunization against smallpox."

Plaintiff alleges further that the defendant-board operates and maintains both day and night schools and that pupils attend both, the night attendance being approximately forty per cent of the total; that said regulation is discriminatory and violative of **Article II, Section 26 of the Constitution of the State of Ohio.**

Plaintiff further says that his religious teachings and beliefs do not allow him, in conscience, to permit the use of medicine, surgery or man administered medication in any form and that for defendant to make plaintiff consent to vaccination of his son, as a condition precedent to the son being readmitted, is in violation of the constitutional privileges of the plaintiff.

Plaintiff asks this Court to enjoin the defendant and its agents from interfering with the right of plaintiff's son to attend the public school in the district wherein he resides.

To this petition the defendant Board of Education of the

City School District of the City of Cincinnati filed a demurrer on the ground that the petition does not state facts which show a cause of action.

Decision on this demurrer has been delayed pending the disposition by the Supreme Court of Ohio of the case of **State of Ohio, Appellee v. Dunham, Appellant, 154 Oh St 63, 93 N. E. 2d 286, 289.** This case resulted from the prosecution of plaintiff herein for the offense of contributing to the neglect of his son Edward in failing to provide him with the proper and necessary education, the action in that case having been predicated upon the same facts and circumstances set forth in the petition for an injunction herein.

The regulation under which the defendant Board of Education undertook the exclusion of plaintiff's son from the public schools constitutes an exercise of delegated legislative authority and would seem to come within the provisions of the Constitution cited by plaintiff. However, in the syllabus of State v. Dunham, the Supreme Court of Ohio has definitely found that said regulation is valid, although the Court, in all probability, did not have before it for consideration the point herein raised by plaintiff. In view of its definite finding, this Court will hold said regulation to be valid and enforceable.

However, the demurrer filed herein is general in that defendant claims the facts stated in the petition of plaintiff do not show a cause of action. In this connection it is interesting to note from the opinion of the Supreme Court in State v. Dunham that there was no proof that the defendant had in any way prevented the vaccination of his son in the manner contemplated by §4838-5 GC. In other words, the Supreme Court of Ohio seems to be of the opinion that the defendant Board of Education has a duty to apply to the proper authority to provide vaccination, at public expense, for the child of this plaintiff, under the provisions of §4838-5 GC. Indeed, Judge Turner, in a separate memorandum, concurring, states that: "The way is pointed out in the majority opinion for the correction of this situation."

Pursuant to the opinion in State v. Dunham this Court feels that a cause of action is stated in the plaintiff's petition and that on proof in support thereof, plaintiff would be entitled to the relief prayed for. The demurrer therefore will be overruled.