STATE, EX REL. MACK, APPELLANT, *v.* BOARD OF EDUCATION OF COVINGTON, APPELLEE.

[Cite as State, ex rel. Mack, v. Bd. of Edn., 1 Ohio App. 2d 143.]

144

(No. 607—Decided March 22, 1963.)

*Mr. Forest L. Blankenship*, for appellant.
*Mr. James H. DeWeese*, for appellee.

CRAWFORD, J. The relator, appellant herein, sought a writ of mandamus in the Common Pleas Court to compel the respondent board of education to admit him to the first grade without requiring immunization to communicable diseases as a condition of his admission, relator's parents having objected in writing to such immunization.

Respondent board demurred generally to the petition for failure to state a cause of action. The demurrer was sustained and the cause dismissed, the final entry stating that relator did not desire to plead further. From this judgment relator appeals on questions of law.

Several motions have been filed by the parties in this court. They have been submitted upon evidence, briefs and arguments. Being interrelated, they will be considered together.

The first to be filed was a motion by respondent to dismiss the appeal for two reasons: (1) because counsel had agreed, prior to submission of the issues to the trial court, that the parties would abide by the decision of the trial court and waive all rights of appeal; and (2) because the issues have become moot, inasmuch as the relator and his family have removed from the school district of the respondent board to the city of Dayton where relator is attending school as a resident, without paying tuition.

Second to be filed was a motion by relator for diminution of the record and to strike an unauthorized filing. The item in question was a purported copy of a letter from relator's coun-

sel to respondent's counsel stating in substance the claimed agreement referred to in the first ground of respondent's motion to dismiss the appeal. This copy was dated September 17, 1962, and was stamped as filed in the Common Pleas Court the same day as the petition, namely, September 18, 1962. It is not at present attached to the petition. Certain evidence was introduced tending to indicate the probability that it had been attached to the petition when filed.

Third and last of the motions to be filed was one by relator to strike from the files respondent's motion to dismiss.

We shall consider first the question whether the case has become moot because of the removal of the relator and his family from Covington to Dayton. The evidence indicates that soon after the filing of this action, relator and has family, consisting of his parents and other children, purchased a house and began living in Dayton where relator entered the Huffman School, which is part of the city of Dayton school system, and that after the payment of a few days' tuition at the beginning, he was permitted to attend school there without tuition as a resident of that school district for the purposes of the Dayton Board of Education; that relator's father is a chiropractor in active practice and keeps two offices, one in the dwelling in Dayton occupied by himself and his family, and one in their former residence in Covington; that he practices his profession in each office three days each week; and that part of the house in Covington containing his office there is rented to tenants.

It is unnecessary for our present purposes to decide nice questions of residence in any technical sense. It is obvious that relator's father has not completely and irrevocably abandoned the idea of living in Covington and that he still retains a close and active connection with that community. There is ground for reasonable inference that the removal of the family was prompted at least in part by the desire to keep the relator in school pending the outcome of this litigation. We believe the relator has a right to have this appeal determined on its merits, and that the case has not become moot.

There is considerable controversy as to whether counsel for relator and for his father and next friend did or did not, by authority of the father, enter into an agreement waiving right of appeal. In light of the controversy, and the fact that relator

himself is a minor, we would not be justified in dismissing the appeal because of a claimed waiver based upon the disputed agreement.

There is no occasion for diminution of the record. Such a procedure may sometimes be directed to a bill of exceptions. Section 2321.14, Revised Code. There is no bill of exceptions here. The case is presented to us upon the pleadings, consisting of the petition and demurrer. The copy of the letter in question, whether originally attached to the petition or not, is not incorporated therein by reference, nor made a part thereof, nor referred to therein. Hence, we will not consider it, as the demurrer goes only to the petition.

All three of the motions will be overruled.

We come then to the question raised by the petition and the demurrer. The petition alleges that the relator, Kim Mack, a minor six years of age, resides in the village of Covington, Ohio, and is entitled to be initially entered and admitted to the first grade of the Covington Exempted Village School District; that on September 4, 1962, at or before the first day of the regular school session, he presented a written statement of his parents' objection to his being immunized against poliomyelitis, small-pox, pertussis, and tetanus as provided by Section 3313.671, Revised Code; but that respondent board refused and refuses to admit him because he is not so immunized.

The prayer of the petition is for a writ of mandamus requiring the respondent board to admit him to the first grade forthwith without requiring immunization. The parties have stipulated that there is no question that respondents have arranged to provide immunization as required by law.

The action of the trial court in sustaining a general demurrer to this petition and dismissing the cause, relator not desiring to plead further, is assigned as error. While this basic assignment is subdivided into a number of branches, they are but various aspects of the basic contention that relator has an absolute right to enter the Covington school without immunization by reason of having presented a written statement of his parents' objection thereto.

Relator would have the court compel the board to accept his interpretation of the provisions of Section 3313.671, Revised Code. It is, of course, a fundamental principle, of universal

acceptance, that although a court may be required by mandamus to decide a controversy, it may not be compelled to render a particular decision or to rule in favor of a petitioning party, and that a state or local administrative board may not thus be controlled in the exercise of its discretion. 35 Ohio Jurisprudence (2d), 269, 374, Mandamus, Sections 24 and 98; 35 Ohio Jurisprudence (2d), 318, Mandamus, Section 64. Neither may such a board be compelled to exercise the controlled judicial function of interpreting a statute in favor of a relator.

Even if mandamus were the correct form of remedy, it is our opinion that the construction or interpretation of Section 3313.671, Revised Code, sought by relator is not the correct one.

Prior to the enactment of that statute, Section 3313.67, Revised Code, had clearly provided authority for the respondent board to make and enforce rules and regulations to secure the vaccination and immunization above described. It has been so construed in the cases cited by the respondent: *Dunham* v. *Board of Education*, 61 Ohio Law Abs., 522; *Dunham* v. *Board of Education*, 61 Ohio Law Abs., 525; *State, ex rel. Milhoof,* v. *Board of Education*, 76 Ohio St., 297; and *State, ex rel. Dunham,* v. *Board of Education*, 154 Ohio St., 469.

It is relator's contention that Section 3313.671, Revised Code, which was subsequently enacted, has either repealed or so modified Section 3313.67, Revised Code, that relator now has an absolute right to enter school without immunization, on the basis of the written objection of his parents.

We do not so construe these statutes. The earlier section conferred broad authority upon the board; the latter imposed a positive duty along the same lines which the board is required to perform except in certain instances, one of which is the presentation of a parent's written objection. Furthermore, the new statute reaffirms the old in this language:

"* * * The provisions of this section shall not limit or impair the right of a board of education of a city, exempted village, or local school district to make and enforce rules or regulations to secure vaccination or immunization against poliomyelitis, smallpox, diptheria, pertussis, and tetanus of the pupils under its jurisdiction."

The new section (3313.671) begins with these words:

"(A) No pupil shall be admitted, at the time of his initial entry of each school year, to an elementary or high school for which the State Board of Education prescribes minimum standards in accordance with the provisions of division (D) of Section 3301.07 of the Revised Code, unless such pupil has presented written evidence, satisfactory to the person in charge of admission, that he has received, or is in the process of receiving, immunization against poliomyelitis, smallpox, diptheria, pertussis, and tetanus by such means of immunization as may be approved by the department of health pursuant to the powers granted by Section 3701.13 of the Revised Code, or unless such pupil has presented a written statement of his parent or guardian objecting to the immunization of such pupil against poliomyelitis, smallpox, diphtheria, pertussis, and tetanus."

In other words, at the particular time of a pupil's entry for each school year, the board shall deny him admission unless one of three conditions is present, namely: either (1) satisfactory written evidence of immunization, or (2) like evidence that he is in the process of receiving it, or (3) a parent's written objection to immunization. But the board still retains full authority to compel immunization to prevent the spread of communicable diseases. And this they do by making and enforcing such rules and regulations to secure the vaccination and immunization of pupils. It is not required, for example, to permit an unimmunized pupil to continue in school.

Neither does Section 3313.671 require that the pupil be admitted initially. It provides that he shall not be admitted unless he complies with one of the permissible exceptions. Compliance with any of the exceptions does not make it mandatory upon the board to admit him. Our view of these two statutes as thus expressed gives effect to and preserves in force all portions of both statutes and reconciles their several provisions. This it is always the duty of the court to do whenever possible in the construction and interpretation of statutes.

We are of opinion that the Attorney General expressed the correct view when he said in Opinions of Attorney General (1959), 593, No. 890:

"The General Assembly, under newly enacted Section 3313.671, Revised Code, has not pre-empted the field of requiring vaccination or immunization for school pupils but has only

promulgated a minimum requirement while specifically authorizing local school districts to continue to make and enforce rules or regulations to secure vaccination or immunization of their pupils, a power which local school districts already had under the provisions of Section 3313.67, Revised Code, which section has not been amended or repealed.''

The Common Pleas Court properly sustained the demurrer to the petition for the two-fold reason that (1) relator was not entitled to a writ of mandamus to compel the respondent board to construe the statute in his favor, and (2) that the construction which relator seeks is incorrect.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.

(Decided April 6, 1963.)

ON MOTION for separate written findings of fact and conclusions of law.

ON APPLICATION for rehearing.

CRAWFORD, J. Relator, appellant herein, moves for separate written findings of fact and conclusions of law upon the basis of Section 2315.221, Revised Code. This section, as well as the immediately preceding Section 2315.22, Revised Code, applies to cases tried by the court. It does not apply to this court in an appeal on questions of law. This is such an appeal. Neither does Section 2505.30, Revised Code, require such findings and conclusions by this court except in an appeal on questions of law and fact. This motion will accordingly be overruled.

Relator further moves for a rehearing and reconsideration. Such motions or applications are considered and determined without oral argument. See Section 2505.071, Revised Code, and Rule III of the Rules of Practice of the Courts of Appeals. However, we have considered the brief presented by *amicus curiae*, Mr. E. D. McCurdy, along with the briefs and arguments of counsel in the case.

150

The additional brief of *amicus curiae* contains statements attributed to certain members of the Legislature as to what they intended Section 3313.671 to mean. This argument invokes the well-known rule of statutory interpretation that courts must consider what the Legislature said, not what it intended to say.

The attorney who prepared this brief states that he protested the adoption of the last sentence of paragraph (A) of Section 3313.671, Revised Code, which declared that the section was not to limit or impair the rights of a board of education. No doubt he foresaw the probability that it would be considered as providing what we believe it does provide.

If this section needs further attention, the remedy lies with the Legislature and not with the courts.

The application for rehearing and reconsideration will be, and hereby is, denied.

*Motion overruled.*
*Application denied.*

KERNS, P. J., and SHERER, J., concur.