Lonergan v. Lonergan.

---

SIMON J. LONERGAN V. MARY A. LONERGAN, EXECUTRIX.

FILED JUNE 23, 1898.   No. 8192.

1. Pleading: EVIDENCE. It is not error to exclude evidence irrelevant to the issues as made up, although the court may have erroneously stricken from the pleadings averments to which such evidence would be relevant. The error in such case would be in ruling upon the pleadings and not in ruling upon the evidence.

2. ———: ———: TRANSCRIPT OF FOREIGN JUDGMENT: HARMLESS ERROR. An action was brought on a foreign judgment. The

defendant pleaded matter by way of set-off or counter-claim, which was on motion stricken from the answer, and the court refused leave to file an amended answer containing the same matter. The transcript of the proceedings leading to the judgment sued on was on the trial introduced in evidence and disclosed an adjudication adverse to the defendant of all the matters so stricken out, *Held*, That the rulings on the pleadings whereby the defendant was prevented from alleging such matters, if erroneous, were not prejudicial to the defendant.

3. **Review:** PRESUMPTION OF SUPERSEDEAS: FOREIGN LAWS. No presumption arises in this state from the fact that an appeal or proceedings in error have been taken, that the judgment sought to be reviewed has been superseded, and no such presumption will be indulged in the case of the judgment of another state, unless the law of that state be in that respect proved to be different from our own.

4. **Foreign Judgment:** EFFECT. The courts of this state cannot refuse to give effect to a foreign judgment which has not been superseded, merely because it was erroneously rendered, or because it seems probable that it may be reversed by an appellate court.

5. **Pleading and Proof.** Averments not denied by the answer to a petition or a supplemental petition are taken as true, and need not be proved.

ERROR from the district court of Custer county. Tried below before HOLCOMB, J. *Affirmed.*

*F. G. Hamer,* for plaintiff in error.

*J. A. Cordeal, contra.*

IRVINE, C.

This was an action by Thomas Lonergan against Simon J. Lonergan on a judgment alleged to have been recovered in Leavenworth county, Kansas. The plaintiff had judgment and the defendant brings the case here for review.

The numerous assignments of error may be grouped into a few classes. One class relates to the refusal of the trial court to permit the defendant to introduce certain evidence for the avowed purpose of establishing a set-off or counter-claim against the demand of the plaintiff. There were no issues made by the pleadings to

which such evidence was relevant.   Defendant sought to inject such issues into the case, but was precluded from doing so by rulings of the court on motions.   The questions sought to be raised properly relate to these rulings and not to rulings upon the evidence as the issues were finally made up.   Evidence not relevant to the issues should be excluded, even though the court may have erred in excluding from the pleadings matter which if it remained would have made such evidence relevant.

As stated, the suit was on a judgment recovered in Kansas.   The defendant in his answer set up many facts from which it was claimed that a set-off or counter-claim resulted.   From the answer it also appeared that the Kansas judgment had been the result of litigation between partners, and all the matter set up in the answer related to partnership transactions prior to the proceedings in Kansas.   The court on motion struck from the answer these averments.   Subsequently, an amended answer was filed without leave and was stricken from the files.   The defendant then moved for leave to file such amended answer and such leave was refused, for the reason that the amended answer did not constitute a defense.   All these rulings are complained of, but we need not review the proceedings in detail, because from the transcript of the proceedings in Kansas, subsequently offered in evidence, it appears that they took the form of an accounting between partners, all the matters stricken from the answer and the amended answer in this case were then pleaded, and the record shows an adjudication thereof.   They could not, therefore, be successfully pleaded in this case, and if it was error to strike them from the pleadings it was error without prejudice to the defendant.   A reply of res judicata and the offer in evidence of the transcript would have estopped the defendant as to such matters if they had been permitted to remain in the record.   It is asserted, it is true, that the action in Kansas was an action of deceit and that the court in that action was without authority to take an ac-

count of the partnership transactions. While this would affect only the regularity of the proceedings and not the jurisdiction of the court to render the judgment, it may be observed that the defendant in that case pleaded the matters which he here tries to assert, and asked that the accounting be had.

One of the defenses not stricken out was an averment that the Kansas case had been taken to the supreme court of that state for review and that the judgment sued on had been thereby superseded. The evidence is possibly sufficient to show that the case had been appealed, but the Kansas statute offered in evidence shows that a supersedeas is there effected only by order of the supreme court, and there is no evidence of such an order. It is argued that a supersedeas should be presumed, but we think not. An appeal or a proceeding in error does not here operate as a supersedeas of itself, and the Kansas law, so far as it was proved, indicates that the same is true in that state. The burden was on the defendant to show that the judgment had been superseded.

The Kansas judgment is assailed for several reasons, but all these go to the correctness of the proceedings and not to the jurisdiction of the court or to any other matter reaching the validity of the judgment. However erroneous the judgment may have been we must enforce it when invoked here, unless it was void.

But, it is said, the proceedings were so plainly erroneous that it is clear that the supreme court will reverse the judgment. We cannot inquire into the regularity of those proceedings even on that theory. The judgment was rendered, the court had jurisdiction, no fraud in obtaining it is shown, and it does not appear that it has yet been reversed or its operation superseded. We must give it full faith and credit and not anticipate a reversal. If it should be reversed, perhaps the defendant by appropriate proceedings may have relief against the judgment here rendered and based thereon, but while it stands its correctness must be presumed.

It is said that there was a failure to prove the representative capacity of the present plaintiff. While Thomas Lonergan brought the action there was filed what is called a supplemental petition by Mary A. Lonergan, alleging his death and that she had been appointed and had qualified as executrix of his will. No order of revivor appears to have been made, but the defendant answered the supplemental petition and did not deny any of the averments from which flows the right of the present plaintiff to maintain the suit. No evidence was therefore required as to those averments. Finally it is said that the court erred in trying the case in advance of other cases set for trial. No facts appear to support such an assignment, even if its soundness in law should be conceded.

AFFIRMED.