## DUNHAM v. BOARD OF EDUCATION, CITY OF CINCINNATI.

Common Pleas Court, Hamilton County.

No. A-121644.   Decided October 26, 1950.

George J. Weller, Cincinnati, for plaintiff.
Henry M. Bruestle, City Solicitor, James W. Farrell, Jr., Asst.
City Solicitor, Cincinnati, for defendant.

## OPINION

By SCHMIDT, J.

The defendant has filed a motion for judgment on the pleadings. The pleadings consist of the first amended petition, the answer and the reply.

The plaintiff seeks an injunction against the Board of Education of the City School District of the City of Cincinnati enjoining any interference by the Board with the right of the son of the plaintiff to attend public school in the school district. The substance of the amended petition is that the Board of Education under §4836-1 GC, is charged with the duty of providing a free education to children of school age residing within the school district; that plaintiff's son, Edward Dunham, is a minor of school age residing within the district and that he has been refused admittance to the public schools because he cannot produce satisfactory evidence of immunization against small pox, which is required by Regulation 10.3 of the Board of Education, which provides as follows:

"No person shall be admitted as a pupil in any day school who does not show satisfactory evidence of immunization against smallpox."

It is alleged that the plaintiff and his son are members of the Union Assembly of the Church of God whose teachings and precepts are opposed to the use of medicine or man administered medication in any form. It is claimed that for the Board of Education to compel the plaintiff's son to submit to vaccination would violate the religious beliefs of plaintiff and plaintiff's son and would infringe plaintiff's rights of conscience and freedom of religion guaranteed by the Fourteenth Amendment of the Constitution of the United States and **Article I, Section 7, of the Constitution of the State of Ohio.**

The answer of the defendant admits the facts and allegations of the petition; denies that the regulation of the Board of Education which is attacked is unconstitutional; and alleges further, as a second defense, that the Court of Appeals of the First Appellate District of Ohio entered final judgment in favor of the defendant in the case of State of Ohio ex rel. Roy Dunham v. Board of Education of the City School District of the City of Cincinnati, Ohio, No. 7247, in which action plaintiff sought a writ of mandamus to compel the defendant Board of Education to accept his son in the public school without his being required to present a certificate of vaccination. It is alleged that this prior action involved the same parties and the same legal question which is involved in this proceeding, and that therefore the judgment of the Court of Appeals makes the matters set up in the petition in this action res adjudicata.

The plaintiff has filed a reply and also a stipulation which admits the facts set forth by the Board of Education in its second defense and admits that the pleadings of Case No. 7247 in which the Court of Appeals rendered judgment for the defendant, copies of which pleadings are attached to and incorporated in the answer, are correctly set forth.

The motion for judgment on the pleadings is based upon the plea of res adjudicata.

The defendant contends that although the remedy in the Court of Appeals action, that is mandamus, differed from the remedy sought in this proceeding, that is injunction, the issues and the parties are identical. It is claimed further that the decision of the Court of Appeals denying the writ of mandamus is a final judgment, and that even though a proceeding to review the judgment is now pending in the Supreme Court of Ohio, the Court of Appeals judgment is a bar to the present proceeding.

The plaintiff argues that the cause of action set forth in this petition is essentially different from that involved in the Court of Appeals; that the pendency of the appeal in the Supreme Court of Ohio to review the Court of Appeals decision suspends the finality of the decision of the latter court, and that therefore there is no final judgment which is a bar to plaintiff's action in this case.

It is also argued that in a prior action which was a criminal proceeding brought against Roy Dunham, the father, under §1639-3 GC, for neglecting or refusing to provide his son proper or necessary education, the Supreme Court reversed the conviction of the father for the reasons that no evidence had been presented to show that the father had in any manner prevented the vaccination of his son provided for under §4838-5 GC; and that there was no law which required a father to provide for the vaccination of a child.

In the opinion of this court, the decision of the Supreme Court of Ohio, in **State v. Dunham, 154 Oh St, 63, 42 OO 133,** referred to by the plaintiff, has no bearing upon the issues in the present case. That case involved an entirely different problem relating to the adequacy of the proof in a criminal prosecution brought against the defendant. The validity of the regulation of the Board of Education apparently was not placed in issue in that proceeding, or at least the court did not find it necessary to inquire into the validity of the regulation since it held that the evidence for conviction was insufficient even though the regulation was assumed to be valid.

It is the view of the court that the mandamus case decided by the Court of Appeals did involve the identical question

and parties which are now involved in this injunction proceeding. The difference in the form of action between the two cases is immaterial in determining whether the Court of Appeals action is a bar to the present proceeding. All of the questions which the plaintiff is now raising in this action were either raised or could have been raised in the mandamus proceeding, and it is this test which determines whether the principle of res adjudicata applies rather than the form of the particular action in which the legal problem is presented. **Quinn v. State, 118 Ohio St, 48.**

The only question remaining before the court therefore is whether the appeal by the plaintiff from the Court of Appeals judgment, which appeal is not yet disposed of, prevents the application of the res adjudicata principle. An examination of the authorities supports the conclusion that when the prior judgment, which is asserted as the bar, remains in full force and effect and has not been reversed or otherwise set aside, the mere pendency of an appeal is immaterial. 30 Am. Juris., page 950, Section 218; **Hixon v. Ogg, 53 Oh St, 361.**

It is the opinion of the court therefore that the motion of the defendant is well taken and should be granted on the ground that the matter in issue in this case is res adjudicata. Additional reasons also exist justifying the granting of the motion. **Sec. 11309, subparagraph 4, GC,** provides that a demurrer to a petition may be filed when there is another action pending between the same parties for the same cause. A motion for judgment on the pleadings is sufficiently analogous to a demurrer to make applicable the foregoing provision.

Furthermore, it is my view, although not necessary for a decision on this matter, that the regulation of the Board of Education is valid, that it is a reasonable exercise of the authority vested in the Board of Education by law to provide for the health of the children under its jurisdiction, and that it does not infringe the constitutional guarantees of freedom of religion or the rights of conscience. In this view I am supported by the decision of the Supreme Court of Ohio in **State ex rel. Milhoff v. The Board of Education of the Village of Barberton, Ohio, 76 Oh St, 297.**

The motion is granted and an entry may be submitted accordingly.