165 P.3d 234

**Jack J. GRYNBERG, Plaintiff–Judgment Creditor–Appellant,**

v.

**Timothy H. SHAFFER, Defendant–Judgment Debtor–Appellee.**

No. 1 CA–CV 06–0462.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 21, 2007.

Haralson, Miller, Pitt, Feldman & McAnally, P.L.C. by Melissa L. English, Tucson, Attorneys for Appellant.

Gerstman Holden PLLC by Renee Gerstman, Helen Holden, Phoenix, Attorneys for Appellee.

## OPINION

WEISBERG, Judge.

¶ 1 Jack J. Grynberg ("Appellant") appeals from the trial court's decision vacating his registration of a Colorado order for pre-judgment interest under Arizona's Uniform Enforcement of Foreign Judgments Act ("the UEFJA"). We affirm the trial court's ruling because the registration took place after the expiration of the applicable Arizona statute of limitations.

### FACTS AND PROCEDURAL HISTORY

¶ 2 Appellant obtained a Colorado judgment against Timothy H. Shaffer ("Appellee") on April 12, 2001, which Appellee appealed. On May 14, 2001, the Colorado court issued a separate order and judgment granting Appellant pre-judgment interest. The judgment on appeal was affirmed in April 2003.

¶ 3 In January 2006, Appellant registered the pre-judgment interest order in Arizona pursuant to the UEFJA. Appellee objected to the registration and moved to vacate the filing of the judgment on two grounds: (1) that the registration was time barred under the four-year statute of limitations controlling the registration of foreign judgments in Arizona; and (2) that the order was not enforceable on its face.[1] The trial court ruled that the registration was untimely and vacated the Arizona filing. Appellant filed a

timely notice of appeal, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2005).

### ISSUE ON APPEAL

¶ 4 Is a foreign judgment entitled to full faith and credit in Arizona when the foreign trial court enters its judgment or when the foreign appellate process is final?

### STANDARD OF REVIEW

¶ 5 On appeal, matters of statutory interpretation, which are questions of law, are reviewed *de novo*. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 547, ¶ 8, 105 P.3d 1163, 1166 (2005). Whether a judgment is entitled to full faith and credit in a foreign state is a question of law. *See Smyser v. City of Peoria*, 215 Ariz. 428, 160 P.3d 1186 (App.2007).

### DISCUSSION

¶ 6 The UEFJA provides the enacting state with "a speedy and economical method of doing that which is required" by the Full Faith and Credit Clause of the United States Constitution. *Jones v. Roach*, 118 Ariz. 146, 150, 575 P.2d 345, 349 (App.1977) (quoting the Commissioners' prefatory note to the Uniform Enforcement of Foreign Judgments Act, 13 U.L.A., 172). In accordance with the UEFJA, a foreign judgment properly filed with the superior court of Arizona will be treated in the same manner as a domestic judgment. A.R.S. § 12–1702 (2003).

¶ 7 Both Appellant and Appellee agree that the four-year statute of limitations provided by A.R.S. § 12–544(3) (2003) applies to the filing of foreign judgments under the UEFJA. They also agree that the statute of limitations begins to run when the cause of action accrues, which is the date on which the foreign judgment is entitled to full faith and credit in Arizona. *See* A.R.S. 12–1701 (2003) ("'foreign judgment,' means any judgment, decree, or order of a court of the United States or of any other court which is entitled

---

1. The trial court did not decide the second issue because its ruling on the statute of limitation issue made such decision unnecessary. We similarly do not consider this second issue.

to full faith and credit in this state"). However, they disagree as to when the Colorado judgment was final and entitled to full faith and credit.

¶ 8 As explained in Restatement (Second) of Conflict of Laws § 107: "[a] judgment will not be recognized or enforced in other states [if] it is not a final determination under the local law of the state of rendition." Comment (e) to this section points out that it "is for the local law of the state of rendition to determine whether a judgment is final. . . ." Because the judgment of a sister state must be final before full faith and credit attaches, we look to Colorado law to determine when the judgment in this case became final. *Jones*, 118 Ariz. at 149, 575 P.2d at 348.

¶ 9 Under Colorado law, an appeal to the Colorado appellate court may be taken from a "final judgment" of the district court. *See* Colo.App. R. 1(a)(1). Further, execution upon that judgment will not be stayed unless the judgment-debtor files a supersedeas bond. Colo. R. Civ. P. 62(d); *Muck v. Arapahoe County Dist. Court*, 814 P.2d 869, 873 (Colo.1991) (supersedeas bond is required in order to stay the execution of a judgment). Colorado Rule of Civil Procedure 62(d) permits execution upon such final judgments to begin fifteen days after the judgment has been entered, even if an appeal has been taken, unless a supersedeas bond has been filed. *Muck*, 814 P.2d at 872–73. Here, the judgment-debtor did not file a supersedeas bond in Colorado while the appeal was pending; therefore, execution of the judgment in Colorado was not stayed during the appeal and was enforceable fifteen days after the judgment was entered in May 2001.

¶ 10 Appellant argues that despite its enforceability, a judgment is not final in Colorado until the Colorado appeal has concluded or the time for filing an appeal has passed and that holding to the contrary would allow a judgment-creditor to enforce a judgment while an appeal is pending, which would leave the judgment-debtor without recourse if the judgment were vacated on appeal. He reasons that until the Colorado appellate process is over, the Colorado trial court's judgment is changeable, not entitled to *res judicata* effect in Colorado, and therefore not

final for full faith and credit purposes. *See Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005). If Appellant is correct, his filing under the UEFJA was not barred by the Arizona statute of limitations. Appellant cites this court's opinion in *Day v. Wiswall*, 11 Ariz.App. 306, 464 P.2d 626 (1970), in support of his argument.

¶ 11 In *Day*, which was decided before the adoption of the UEFJA in Arizona, the plaintiff received a favorable judgment from a California trial court in 1961. *Id.* at 308, 464 P.2d at 629. That judgment was appealed in California and subsequently affirmed by the California Supreme Court in 1963. *Id.* In 1966, the plaintiff filed suit in Arizona seeking to enforce the California judgment. *Id.* at 309, 464 P.2d at 629. On appeal, Division Two of this court ruled that the four-year statute of limitations set forth in A.R.S. § 12–544(3) did not begin to run until the time to appeal the California judgment had passed or if appealed, its final determination on appeal had been issued. *Id.* at 313, 464 P.2d at 634. Accordingly, the enforcement of the California judgment in *Day* was not time barred by the Arizona statute of limitations.

¶ 12 Appellee responds that the Colorado judgment was time barred in Arizona because it was final for full faith and credit purposes when it was enforceable in Colorado, and the mere fact that it was subject to appellate review in Colorado did not render it less than final. *See Fehr v. McHugh*, 413 A.2d 1285, 1287 (D.C.1980). We agree with Appellee. In reaching this conclusion, we rely upon this court's opinion in *Jones*, 118 Ariz. 146, 575 P.2d 345, the apparent intent of the UEFJA and opinions of other jurisdictions.

¶ 13 In *Jones*, a Colorado judgment was filed in Arizona for enforcement under the UEFJA. *Id.* at 148, 575 P.2d at 347. The judgment-debtor filed a motion in Arizona invoking Arizona Rule of Civil Procedure 60(c) ("Rule 60(c)"), seeking to prohibit enforcement of the Colorado judgment in Arizona on the grounds of excusable neglect. *Id.; see* Az. R. Civ. P. 60(c) (allowing relief from a judgment on the grounds of mistake, inadvertence, surprise or excusable neglect). The *Jones* court concluded that the UEFJA

did not allow an Arizona court to entertain such a motion for relief. 118 Ariz. at 150, 575 P.2d at 349. It reasoned that although comparable Rule 60(c) proceedings might still be instituted in Colorado, the judgment must be afforded full faith and credit in Arizona. *Id.* at 150–51, 575 P.2d at 349–50. The *Jones* court further opined that the adoption of the UEFJA did not create a substantive right in Arizona to modify the Colorado judgment and that unless and until such a modification might be achieved in Colorado, the judgment must be afforded finality in Arizona. *Id.* at 150, 575 P.2d at 349. Although the *Jones* court did not directly discuss the question of when a foreign judgment was final, and did not discuss the reasoning of the *Day* opinion, its holding was clearly based on a premise contrary to that of *Day.*

¶ 14 The premise in *Jones,* that a foreign judgment becomes enforceable in Arizona when it has become enforceable in the rendering state, is consistent with the intent and provisions of the UEFJA. As stated by Commissioner Jestrab during the UEFJA formulation process, the model Act's goal was "that a judgment upon which execution can be issued would be a final judgment." National Conf. of Commissioners on Uniform State Laws, *Revised Uniform Enforcement of Foreign Judgments Act: Proceedings before Comm. of the Whole,* at 47 (Aug. 9, 1963). That goal was restated by Commissioner Joiner just prior to the adoption of the model Act when he stated that "in order to have the judgment enforced in the second state a showing must be made that it can be enforced in the first state...." National Conf. of Commissioners on Uniform State Laws, *Revised Uniform Enforcement of For-*

*eign Judgments Act: Proceedings before Comm. of the Whole,* at 29 (Aug. 5, 1964).

¶ 15 In Arizona, the ability of a judgment-creditor to enforce a foreign judgment while an appeal is pending is illustrated by A.R.S. § 12–1704 (2003), which permits a judgment-debtor to request a stay of enforcement if an appeal is pending in the issuing state. Were we to accept Appellant's argument, A.R.S. § 12–1704 would be rendered meaningless because there would be no need for a stay of enforcement if a foreign judgment could not be registered during a pending appeal. We, of course, will not interpret a statute in a manner to render a provision meaningless.[2] *Clear Channel,* 209 Ariz. at 552, 105 P.3d at 1171.

¶ 16 Finally, we also find support for our conclusion in the opinions of other jurisdictions. Directly on point is the opinion of the District of Columbia Court of Appeals in *Fehr,* 413 A.2d at 1287. In that case, a Colorado trial court had entered a money judgment against the judgment-debtor who immediately appealed the judgment but failed to post a supersedeas bond or otherwise stay execution of the judgment pending the appeal. *Id.* at 1286. Responding to the judgment-creditor's efforts to enforce the Colorado judgment in the District of Columbia, the judgment-debtor argued, as Appellant does here, that the Colorado judgment was not entitled to immediate enforcement because it was pending appeal in Colorado. *Id.*

¶ 17 The *Fehr* court recognized that an action must be final in order to be entitled to full faith and credit and that finality must be determined by the laws of the rendering state. *See id.* at 1287. It ruled that the

---

**2.** Although Appellant argues that A.R.S. § 12–1704 would not be rendered meaningless because it would apply to foreign states that according to Appellant, unlike Colorado, permit *res judicata* to attach while the judgment is on appeal, he does not cite, and we cannot find, a Colorado finality provision that is unlike those adopted by such other states. In fact, the cases cited by Appellant as support are inapposite in that they deal with issue preclusion while a judgment is on appeal, rather than *res judicata,* and do not appear to be inconsistent with Colorado law. *See Gausvik v. Abbey,* 126 Wash.App. 868, 107 P.3d 98 (2005) (under Washington law, ap-

peal does not suspend a valid judgment of its preclusive effects); *Dunham v. Board of Ed. of City School District of Cincinnati,* 44 O.O. 228, 99 N.E.2d 183 (1950) (under Ohio law, appeal does not suspend a valid judgment of its preclusive effects); *Crockett & Brown, P.A. v. Wilson,* 314 Ark. 578, 864 S.W.2d 244 (1993) (under Arkansas law, appeal does not suspend preclusive effects); *Luebke v. Marine Nat'l Bank of Neenah,* 567 F.Supp. 1460, 1462 (D.C.Wis.1983) (under Wisconsin law, "the fact that an appeal is pending in the first case does not deprive the judgment of its conclusive effect").

judgment was final under Colorado law and that the "mere existence of a pending appeal" in Colorado did not deprive the judgment of its necessary finality. *Id.* Among the other jurisdictions cited for support in *Fehr* was the United States District Court of the Southern District of Georgia which approvingly quoted the following language:

> The fact that a foreign judgment is subject to an appeal does not render it interlocutory within the meaning of the rule denying full faith and credit to interlocutory judgments; the full faith and credit clause of the United States Constitution applies as soon as a judgment is enforceable and not merely after the time to appeal has elapsed. Similarly, although there is some authority to the contrary, a judgment from which an appeal has been taken without supersedeas has also been regarded as a final judgment entitled to be accorded full faith and credit, even though the appeal is still pending in the court of the original jurisdiction.

*Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 382 F.Supp. 956, 960–61 (S.D.Ga.1974) (*quoting* 47 Am.Jur.2d Judgments § 1269) (footnote omitted), *aff'd,* 510 F.2d 272 (5th Cir.1975); *see also Maner v. Maner,* 412 F.2d 449 (5th Cir.1969) (when filing an appeal did not automatically stay proceedings and appellant did not file a supersedeas bond, the judgment was entitled to recognition in another forum under the Full Faith and Credit Clause); *A. Coolot Co. v. L. Kahner & Co.,* 140 F. 836 (9th Cir.1905); *Tarr v. Tarr,* 391 F.Supp. 1053 (E.D.Tenn. 1974); *Woodbridge & Turner Engineering Co. v. Ritter,* 70 F. 677 (C.C.E.D.Pa.1895); *Faber v. Hovey,* 117 Mass. 107 (1875); *Lonergan v. Lonergan,* 55 Neb. 641, 76 N.W. 16 (1898); *Weiss v. Metalsalts Corp.,* 72 N.J.Super. 264, 178 A.2d 240 (1962); *Ebner v. Steffanson,* 42 N.D. 229, 172 N.W. 857 (1919); *Armstrong v. Armstrong,* 99 Ohio App. 7, 130 N.E.2d 710 (1954), *aff'd on other grounds,* 162 Ohio St. 406, 123 N.E.2d 267 (1954), *aff'd,* 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705 (1956); *Schwartz v. Vecchiotti,* 529 S.W.2d 603 (Tex.Civ.App.1975); *Sweetser v. Fox,* 43 Utah 40, 134 P. 599 (1911); *cf. Bank of North America v. Wheeler,* 28 Conn. 433 (1859) (judgment obtained from court of a sister state was valid defense to a second suit filed in another forum).

## CONCLUSION

¶ 18 For the foregoing reasons, we accept the reasoning of this court in *Jones,* but reject the reasoning and conclusions reached by this court in *Day.* We therefore conclude that finality attaches to a foreign judgment when it is issued by the trial court and is enforceable in the issuing jurisdiction. Also, its finality is not negated by a pending appeal. Accordingly, because the Colorado judgment was final in May 2001, Appellant's January 2006 registration of it was not within the four-year statute of limitations provided by A.R.S. § 12–544(3). We, therefore, affirm the trial court's ruling.

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and SUSAN A. EHRLICH, Judge.

