NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

NEXTGEAR CAPITAL, INC., *Plaintiff/Appellee*,

*v.*

CARRIE OWENS, et al., *Defendants/Appellants*.

No. 1 CA-CV 22-0662
FILED 10-19-2023

Appeal from the Superior Court in Maricopa County
No.  CV2021-004854
The Honorable Gary L. Popham, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Lorona Mead, PLC, Phoenix
By Jess A. Lorona
*Counsel for Defendants/Appellants*

Jennings Haug Keleher McLeod LLP, Phoenix
By Brian D. Myers
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A M P B E L L**, Judge:

¶1          Carrie and Timothy Owens appeal the garnishment judgment against Hazel Management, LLC (the LLC), ordering an execution sale of the Owens' home (the Property). For the reasons below, we affirm.

## BACKGROUND[1]

¶2          In Indiana, NextGear Capital, Inc. obtained summary judgment against Owens in 2018 (the Indiana judgment). In that judgment, NextGear was awarded its attorney's fees and costs "in an amount to be determined." However, the judgment "designate[d] the issues or claims upon which it f[ound] no genuine issue as to any material facts" and recited that "[t]here is no just reason for delay, and a final judgment shall be and hereby is entered as set forth herein." *See* Ind. R. Trial P. 56(c).

¶3          NextGear domesticated and recorded the Indiana judgment in 2021 in Arizona. *See* A.R.S. §§ 12-1702, -1703. Wanting "to avoid an execution sale," the Owens subsequently conveyed the Property via quitclaim deed to the LLC. The LLC has two managers—both of the Owens—and the "Owens Family Trust" as its sole member.

¶4          Citing its belief that the conveyance was fraudulent, NextGear initiated garnishment proceedings against the LLC seeking to execute on the Property for satisfaction of the Indiana judgment. *See* A.R.S. § 44-1007(A)(1). The LLC answered, attesting only that "Garnishee is an LLC in which the [Owens] do not own membership interest[.] "*See* A.R.S. § 12-1579(D) (requiring, at least, phone number and mailing address). NextGear filed an objection and requested a hearing. *See* A.R.S. § 12-1598.07(A).

---

[1]      The Owens did not provide hearing transcripts, and "we assume [the missing transcripts] would support the court's findings and conclusions." *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); ARCAP 11.

¶5          The LLC did not provide notice of counsel nor did counsel appear at the hearing. *See State v. Eazy Bail Bonds*, 224 Ariz. 227, 229, ¶ 12 (App. 2010) (noting corporate entities cannot appear "except through counsel"). The Owens appeared in their individual capacities and argued first, that the Indiana judgment was not a final order under Arizona law; and second, that there was no "transfer" because the Owens retained control over the Property. The court disagreed and ordered NextGear to file an application for entry of judgment and a proposed form of judgment.

¶6          In its motion for entry of judgment, NextGear argued the judgment was final under Indiana law, and therefore, the Indiana judgment was entitled to full faith and credit in Arizona. NextGear also emphasized the LLC was a legally distinct entity, albeit an insider, and identified six "badges of fraud." *See* A.R.S. § 44-1004(B)(1), (2), (4), (5), (8), (9).

¶7          In response, the Owens again contended the writ of garnishment was invalid because the Indiana judgment was not final because it did not resolve the attorney's fees issue. The Owens did not deny or refute the "badges of fraud" allegations and admitted to conveying the Property "to save their home from execution." Even so, they argued that because their family trust was the LLC's sole member, they merely "transfer[red] the house from themselves (legal tit[]le) to themselves (equitable title) . . . to take advantage of a legislatively created exemption or protection." For the first time, they argued "<u>the ONLY way a debt of a member of the LLC can be reached is a charging order</u>," citing A.R.S. § 29-655 as support. They also claimed a homestead exemption in the Property.

¶8          NextGear, in its reply, noted that A.R.S. § 29-655 had been repealed and replaced with A.R.S. § 29-3503. Quoting the current version of the statute, NextGear emphasized that a charging order is "the exclusive remedy . . . [to] *satisfy the judgment from <u>the judgment debtor's transferable interest.</u>*" A.R.S. § 29-3503(E) (emphasis added). Finally, NextGear argued the Owens had abandoned their homestead exemption by conveying the Property to the LLC. *See* A.R.S. § 33-1104(A)(2).

¶9          At the time scheduled for oral argument on the proposed entry of judgment, only NextGear appeared. The court proceeded against the LLC, the current titled owner of the Property, in absentia. *See* A.R.S. § 12-1583 (permitting judgment by default if garnishee fails to appear after filing answer); *see also* Ariz. R. Civ. P. 55(b)(2). Concluding that the Indiana judgment was entitled to full faith and credit and that the conveyance was fraudulent, the court granted judgment against the LLC. The court noted

that NextGear "established several 'badges of fraud'" evincing the Owens' "actual intent to hinder, delay or defraud," *see* A.R.S. § 44-1004(A)(1), and that the Owens abandoned their homestead exemption by transferring their ownership interest in the Property to the LLC. The court ordered an execution sale of the Property, noting also that the Owens were "not entitled to receive any amounts from the sale of the Property for [the abandoned homestead] exemption."

**¶10**       The Owens and the LLC timely appealed but failed to pay filing fees. In the meantime, the Owens regained title to the Property in their individual capacities and recorded a Declaration of Homestead. On the Owens' motion, we reinstated the appeal and dismissed the LLC as a party. As a condition of the supersedeas bond, the superior court required the Owens to return title to the Property to the LLC.

## DISCUSSION

**¶11**       The Owens argue (1) the writ was invalid because the Indiana judgment was not final; (2) the conveyance was not fraudulent; and (3) a charging order is the only means to recover a member's debt from an LLC. We address each argument in turn.

## I.    The Writ of Execution Is Based On a Final Judgment

**¶12**       Seeking to invalidate the writ of garnishment, the Owens argue the Indiana judgment is not a "final judgment" entitled to full faith and credit.[2] We review de novo whether a foreign judgment is entitled to full faith and credit. *Grynberg v. Shaffer*, 216 Ariz. 256, 257, ¶ 5 (App. 2007).

**¶13**       "The Full Faith and Credit Clause of the United States Constitution requires that a judgment validly rendered in one state's court be accorded the same validity and effect in every other court in the country as it had in the state rendering it." *McDaniel v. Banes*, 249 Ariz. 497, 500, ¶ 9 (App. 2020) (internal quotation and citation omitted). "[T]he judgment of a sister state must be final before full faith and credit attaches." *Grynberg*, 216 Ariz. at 258, ¶ 8.

---

[2]       According to NextGear, the Indiana judgment resolved three claims and left one claim outstanding. However, the Owens fail to mention this issue, thereby waiving any argument that the outstanding claim affects the finality of the Indiana judgment. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593–94, ¶ 25 (App. 2021). We therefore limit our discussion to the outstanding fees and costs.

**¶14** The Owens argue that Arizona law governs, and that absent resolution of attorney's fees, the Indiana judgment was not final. *See Field v. Oates*, 230 Ariz. 411, 414, ¶ 10 (App. 2012) (concluding order that did not resolve attorney's fees or contain Rule 54(b) language was not final); Ariz. R. Civ. P. 54(b). They contend that, under the Uniform Enforcement of Foreign Judgments Act (the UEFJA), foreign judgments are subject to the same "finality procedures" as local judgments. But the UEFJA is not designed to make "all judgments equal in rights and procedures," as they claim. Rather, it is a mechanism for ensuring all judgments *entitled to full faith and credit in this state*" are "treat[ed] . . . in the same manner" as local judgments. *See* A.R.S. §§ 12-1701, -1702 (emphasis added); *Jones v. Roach*, 118 Ariz. 146, 149 (App. 1977). The UEFJA bears on enforcement, not finality, of foreign judgments. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Greene*, 195 Ariz. 105, 108, ¶ 12 (App. 1999) ("Recognizing a foreign judgment and enforcing it are two different concepts.").

**¶15** To determine whether the judgment was final, we look to the law of the issuing state—in this case, Indiana. *See Grynberg*, 216 Ariz. at 258, ¶ 8; Restatement (Second) of Conflict of Laws, § 107 cmt. e (1971). Under Indiana Trial Rule 56(c), a summary judgment on "less than all the issues or claims" may be final if "the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties." Although the judgment here did not finalize the amount of attorney's fees and expenses, it included the requisite "magic language" rendering it a final enforceable judgment in Indiana. *See Indy Auto Man, LLC v. Keown & Kratz, LLC*, 84 N.E.3d 718, 721, ¶ 11 (Ind. Ct. App. 2017).

**¶16** The Owens nevertheless argue that "important state interests" compel application of Arizona law. *See* Restatement (Second) of Conflicts of Law § 103, cmt. a (1971) (noting "rare exception" to the full faith and credit clause). We disagree. Exceptions to the full faith and credit clause are "few and far between" because "the very purpose of [the full faith and credit clause] was to . . . make [the several states] integral parts of a single nation." *Williams v. North Carolina*, 317 U.S. 287, 294–95 (1942). That a foreign judgment conflicts with local law is not a sufficient reason to deny it full faith and credit. *See, e.g.*, *State v. Drury*, 110 Ariz. 447, 452–53 (1974) (recognizing ex parte divorce decree).

**¶17** Moreover, the difference between Arizona and Indiana's procedural rules is *de minimis*. In Arizona, a decision resolving "fewer than all" claims may still be a final, appealable judgment if the superior court "expressly determines there is no just reason for delay and recites that the

judgment is entered under Rule 54(b)." *See, e.g.*, *Field*, 230 Ariz. at 414, ¶ 10 ("[A] party may immediately appeal a judgment on the merits even when an attorneys' fees issue is still pending *if the court certifies the judgment as final pursuant to Rule 54(b)*."). Given that the only element missing here is a recital of which procedural rule applies, recognizing the Indiana judgment does not violate public policy in Arizona. We conclude the Indiana judgment is a final judgment entitled to full faith and credit in Arizona.

## II.   Transferring the Property to the LLC Was Fraudulent

**¶18**        Next, we turn to the Owens' argument that the conveyance of the Property to the LLC was not fraudulent. "We review the superior court's garnishment judgment for an abuse of discretion." *Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018). "A court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Id.*

**¶19**        Under A.R.S. § 44-1004(A)(1), a transfer is fraudulent "if the debtor made the transfer . . . [w]ith actual intent to hinder, delay or defraud any creditor." In determining "actual intent," courts may consider "badges of fraud." *See* A.R.S. § 44-1004(B) (enumerating eleven non-exclusive factors). "A single [badge of fraud] may establish and stamp a transaction as fraudulent, [but w]hen several are found in the same transaction, strong, clear evidence will be required to repel the conclusion of fraudulent intent." *Gerow v. Covill*, 192 Ariz. 9, 17, ¶ 34 (App. 1998) (citation omitted).

**¶20**        Here the record provides clear and convincing evidence of a fraudulent transfer of title. To begin, the Owens admit that the conveyance "was done to avoid an execution sale by [NextGear]." They also failed to refute NextGear's allegations of fraud before the superior court. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349–50, ¶ 18 (App. 2007) (noting appellate courts need not address arguments conceded below). The Owens conceded that the transfer (1) was to an insider, with the Owens retaining control over the Property; (2) took place after monetary judgment in NextGear's favor; and (3) was for nominal consideration. *See* A.R.S. § 44-1004(B)(1), (2), (4), (8). Most egregiously, the Owens failed to refute NextGear's allegations that they were "insolvent or became insolvent shortly after the transfer" and "the transfer was of substantially all of [their] assets." *See* A.R.S. § 44-1004(B)(5), (9). The record supports the superior court's conclusion that the Owens fraudulently conveyed the Property to the LLC to evade execution on the Property pursuant to the domesticated Indiana judgment in favor of NextGear.

## III.    NextGear Could Proceed Via Garnishment

¶21        The Owens further argue they were merely "mov[ing] things around within the law to minimize exposure to creditors." But "[t]he fact that the agreement is authorized by statute and, absent fraud, would otherwise be legal, does not take the transaction out of the realm of the [governing legislative act]." *State ex rel. Indus. Comm'n of Ariz. v. Wright*, 202 Ariz. 255, 259, ¶ 20 (App. 2002). Citing A.R.S. § 29-655, the Owens argue a charging order "is the only exclusive, and statutorily prescribed, relief a creditor can achieve" against members of an LLC. In turn, they claim the Property is "beyond [NextGear's] reach" because charging orders cannot be used to force the sale of an LLC's property. We disagree.

¶22        The Owens cannot rely on A.R.S. § 29-655. Section 29-655 has been repealed and replaced with A.R.S. § 29-3503. *See* 2018 Ariz. Sess. Laws, ch. 168, §§ 3–4 (2d Reg. Sess.) (S.B. 1353). Regardless of when the LLC was formed, it did not acquire the Property until March 2022. *See id.* § 6 (applying repealed version only to "rights and obligations . . . relating to matters arising and events occurring before September 1, 2020"). In any case, A.R.S. § 29-655 limits judgment creditors seeking to recover from *members* of an LLC. *Cf.* A.R.S. § 29-3903 (applying to judgment creditors of "member[s] or transferee[s]"). Here, the LLC's sole member is the Owens Family Trust, which is not a party. As a result, A.R.S. § 29-655 is inapplicable.

¶23        Similarly, a charging order is not proper in this case. A charging order is "the exclusive remedy" for judgment creditors seeking to reach a "judgment debtor's transferable interest," which is "the right . . . to receive distributions from a limited liability company." *See* A.R.S. §§ 29-3501, -3503. But § 29-3503 does not apply to real estate fraudulently conveyed to an LLC to shield it from the grantee's creditors.  Section 29-3503 assumes that an LLC has a "transferable interest" that can be conveyed to a member/judgment debtor; it does not purport to provide a remedy for an improper transfer of assets to the LLC. *Cf.* A.R.S. § 44-1007(A)(1) (listing "[g]arnishment against the fraudulent transferee" as a remedy). NextGear was not limited to a charging order, and the superior court did not err in ordering an execution sale of the Property in its garnishment judgment.[3]

---

[3]        Given this conclusion, we need not address the Owens' argument that a charging order cannot be used to force a sale of LLC assets.

**CONCLUSION**

**¶24**　　　　For the reasons above, we affirm. NextGear requests its attorney's fees and costs under ARCAP 21 and A.R.S. § 12-1580(E). We may "award attorney's fees and costs against a judgment debtor on appeal from a judgment of garnishment, so long as the court finds that the appeal was brought 'solely for the purpose of delay or to harass the judgment creditor.'" *Kellin v. Lynch*, 247 Ariz. 393, 398, ¶ 18 (App. 2019) (quoting A.R.S. § 12-1580(E)). On this issue, we note the Owens' efforts to frustrate the purpose of the writ by conveying the Property back to themselves after entry of the garnishment judgment and their continued reliance on the repealed version of an inapplicable statute. We therefore conclude their appeal was for the purpose of delay or harassment. As the prevailing party, NextGear is entitled to its attorney's fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA

8