IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KENNETH L. LENK, *Plaintiff/Appellant*,

*v.*

MONOLITHIC POWER SYSTEMS, INC., *Defendant/Appellee*.

No. 1 CA-CV 25-0190

FILED 03-20-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-000673
The Honorable Brian J. Palmer, Judge

**VACATED IN PART AND AFFIRMED IN PART; REMANDED**

COUNSEL

Kenneth L. Lenk, Chandler
*Plaintiff/Appellant*

Bryan Cave Leighton Paisner LLP, Phoenix
By Jacob A. Maskovich and Matthew J. Stanford
*Counsel for Defendant/Appellee*

_____

**OPINION**

_____

Judge Veronika Fabian delivered the opinion of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

_____

**F A B I A N**, Judge:

¶1        Kenneth L. Lenk appeals the superior court's domestication and enforcement of two orders for attorney fees and costs entered by the U.S. District Court for the Northern District of California (the "District Court"). He asserts the superior court erred because: 1) the statute of limitations for domestication had expired, 2) enforcement should have been stayed because of a pending appeal, and 3) his spouse was not properly joined. Because the statute of limitations for domesticating one of the orders for attorney fees and costs had expired, this Court vacates the superior court's order in part and affirms in part.

## FACTS AND PROCEDURAL HISTORY

¶2        From 2015-2020, Lenk brought four separate lawsuits in the District Court against Monolithic Power Systems, Inc. ("MPS"), his prior employer. All four cases were dismissed with prejudice and any appeals to the Ninth Circuit were unsuccessful. Only the procedural history of *Lenk II* and *Lenk IV* are relevant here.

### *Lenk II* (Case No. 16-cv-02625-BLF)

¶3        The District Court dismissed the complaint in *Lenk II* and entered judgment in MPS's favor in July 2017. On January 19, 2018, the District Court entered an order awarding MPS $17,665.74 in attorney fees and costs ("order for fees and costs"). Although Lenk II was appealed, the record does not show that enforcement of the order for attorney's fees and costs was ever stayed. In December 2018, the Ninth Circuit affirmed judgment in *Lenk II*. *Lenk v. Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018). In November 2022, the District Court issued an amended judgment, which incorporated the order for fees and costs. Lenk appealed again and the Ninth Circuit dismissed for lack of jurisdiction in October 2023.

***Lenk IV* (Case No. 20-cv-08094-BLF)**

¶4        The District Court dismissed the complaint in *Lenk IV* in November 2021 and entered judgment for MPS. *Lenk v. Monolithic Power Sys., Inc.*, 2021 WL 5233078 (N.D. Cal. 2021). The Ninth Circuit dismissed Lenk's appeal in April 2022. *Lenk v. Monolithic Power Sys., Inc.*, 2022 WL 2062162 (9th Cir. 2022). In November 2022, the District Court issued an amended judgment awarding $25,215.30, which incorporated a previous order for attorney fees and costs to MPS. Lenk did not appeal from that amended judgment.

**Arizona State Court Proceedings to Enforce Foreign Judgments**

¶5        In January 2023, MPS filed the amended judgments in *Lenk II* and *Lenk IV* as foreign judgments under Arizona's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). A.R.S. §§ 12-1701 to 1708. Lenk repeatedly moved to stay domestication of the amended judgments based on an ongoing appeal in another one of his cases. He also moved to vacate the domestication of the amended judgments as barred by the statute of limitations. The superior court denied Lenk's motions to stay and vacate.

¶6        In November 2024, MPS filed an application in Arizona superior court for writ of garnishment of Lenk's joint bank account with his spouse, based on the amended judgments. The bank's answer showed that it withheld $42,881.04 from Lenk's joint account for garnishment. Lenk opposed the application for writ of garnishment based on the same arguments he made in his motion to vacate domestication of the amended judgments. In addition, he argued that the garnishment was improper because the bank account was community property and not subject to garnishment for Lenk's separate debt. The superior court ruled in favor of MPS and entered a garnishment judgment against Lenk's bank for $42,881.04 (the total of both judgments) on January 13, 2025.

¶7        This Court has jurisdiction over Lenk's timely appeal pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(5)(C).

**DISCUSSION**

**I.     The Statute of Limitations Barred MPS's Domestication of the Order for Fees and Costs in *Lenk II*.**

¶8      The superior court rejected Lenk's argument that domestication of the order for fees and costs was barred by the four-year statute of limitations contained in A.R.S. § 12-544.[1] It relied on *McDaniel v. Banes*, 249 Ariz. 497 (App. 2020), to find the statute of limitations began to run when the amended judgments were entered "on November 3, 2022 and November 8, 2022." Lenk argues this was in error because the limitations period began to run when the order for fees and costs was entered in January of 2018. This Court reviews the interpretation and application of limitations statutes *de novo*. *Costaras v. Costaras*, 257 Ariz. 208, 212-13 ¶¶ 11-16 (App. 2024).

¶9      A foreign judgment is enforceable in Arizona under the UEFJA, which provides a procedural framework for enforcing judgments from "any judgment, decree, or order of a court of the United States . . . which is entitled to full faith and credit." A.R.S. § 12-1701. The domestication of foreign judgments is "subject to the time limitations imposed by A.R.S. § 12-544(3)." *Citibank (S.D.), N.A. v. Phifer*, 181 Ariz. 5, 6 (App. 1994). As applicable here, that statute "bars the enforcement of a foreign judgment . . . more than four years after the cause of action's accrual date." *Costaras*, 257 Ariz. at 212 ¶ 13.

¶10      "As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). A party may enforce a foreign judgment in Arizona when it becomes final in the jurisdiction in which it was rendered. *Grynberg v. Shaffer*, 216 Ariz. 256, 257-58 ¶¶ 7-8 (App. 2007). A judgment is "final" under the UEFJA when the foreign judgment becomes enforceable in the foreign jurisdiction. *Id.* at 258 ¶ 12. Thus, the limitations period accrues when the judgment becomes enforceable in the foreign jurisdiction. *See id.* at 257-58 ¶¶ 7-8.

---

[1] It is unclear whether Lenk makes this argument with respect to both *Lenk II* and *Lenk IV*. However, because there is no evidence in the record that there was any enforceable order or judgment for attorney fees and costs in *Lenk IV* over four years prior to the domestication, there is no basis for any claim that domestication of the *Lenk IV* judgment is barred by the statute of limitations.

¶11          Here, because the order for fees and costs was rendered in a federal district court, the question this Court must answer is when did that order become enforceable under federal law. Federal Rule of Civil Procedure 54(a) provides that a judgment "includes a decree and any order from which an appeal lies." This includes post-judgment orders such as an order for attorney fees and taxable costs under Rule 54(d)(2). A post-judgment order awarding attorney fees need not be set forth in a separate judgment to be enforceable. *Feldman v. Olin Corp.*, 673 F.3d 515, 516 (7th Cir. 2012). Instead, it is simply entered in the civil docket by the clerk. Fed. R. Civ. P. 79(a)(2)(C), 58(a)(3), (c)(1).[2]

¶12          Under Federal Rule of Civil Procedure 62(a), there is an automatic stay on the enforcement of a post-judgment order for 30 days after entry. Once the stay expires, the order becomes enforceable. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (order becomes enforceable after automatic stay provided by Rule 62(a) has expired).

¶13          Here, the post-judgment order for fees and costs entered on January 19, 2018 became enforceable and entitled to full faith and credit on February 18, 2018—30 days after its entry. Thus, the four-year statute of limitations accrued on February 18, 2018. Because MPS did not file to enforce the order until January of 2023, the four-year statute of limitations set forth in A.R.S. § 12-544(3) barred MPS's claim.

¶14          Although Lenk did appeal the order awarding fees and costs, "the mere fact that [a judgment] was subject to appellate review . . . [does] not render it less than final." *Grynberg*, 216 Ariz. at 258 ¶ 12; *see also Fid. Nat'l Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948, 977 (D. Ariz. 2012) (rejecting argument that judgment does not become final for the purposes of

---

[2] The Federal Rules of Civil Procedure differ from the Arizona Rules of Civil Procedure in that the final judgment in federal court does not include an award of attorney fees or costs. Instead, within 14 days after a judgment is entered, a party seeking attorney fees and costs must file a post-judgment motion for attorney fees and a statement of taxable costs. Fed. R. Civ. P. 54(d)(2); *cf.* Ariz. R. Civ. P. 54(h)(1) (award of attorney fees and costs must be included in judgment). Thus, unlike the Arizona Rules, the Federal Rules contemplate: 1) a judgment addressing the merits and 2) a later order addressing fees and costs. Both are judgments enforceable within thirty days of entry. Fed. R. Civ. P. 54(a), (d)(2).

§ 12-544(3) until the appeal is resolved); *A. Coolot Co. v. L. Kahner & Co.*, 140 F. 836, 838 (9th Cir. 1905) ("A judgment is none the less a final judgment, within the meaning of the [federal] rule requiring judgments to be final in order to sustain an action thereon, because an appeal is pending, if no supersedeas bond on appeal is given."). Thus, absent a supersedeas bond or stay, the appeal of the order for fees and costs did not change the order's finality for purposes of full faith and credit. Here, there was no evidence that enforcement of the order for fees and costs was stayed during the pendency of the appeal.

¶15        In the case relied upon by the superior court, *McDaniel v. Banes*, this Court considered the application of A.R.S. § 12-544(3) to a Colorado state judgment originally issued in 2010 and then amended in 2019 to include additional interest, which was previously omitted by mistake. 249 Ariz. 497 at ¶¶ 1, 4. The *McDaniel* court held that the entry of the 2019 amended judgment triggered the statute of limitations because it was considered the "final judgment" under Colorado law. *Id.* at ¶ 12 (quoting *Luster v. Brinkman*, 250 P.3d 664, 667 (Colo. App. 2010)). The superior court misunderstood *McDaniel* to mean that an amended judgment triggers the statute of limitations. But *McDaniel* is inapplicable here because federal law, not Colorado law, governs this case.

¶16        As explained in *Grynberg*, for purposes of full faith and credit, a final judgment means one that "is enforceable in the issuing jurisdiction." *Grynberg*, 216 Ariz. at 260 ¶ 18. Here, the order awarding fees and costs became enforceable on February 18, 2018. The record provides no evidence that the enforcement of the order for fees and costs was stayed. Thus, MPS's lawsuit to domesticate and enforce that order was barred by the four-year statute of limitations set forth in A.R.S. § 12-544(3).

## II.    The Superior Court Did Not Err in Denying Lenk's Motion to Stay *Lenk IV* Because Lenk Did Not Post Any Security.

¶17        Citing A.R.S. § 12-1704 and the California Code of Civil Procedure § 1710.50(a), Lenk argues the superior court erred in not staying the enforcement of the judgment in *Lenk IV* based on a pending or potential appeal. Because MPS sought to enforce a California federal district court judgment in Arizona and not an Arizona federal district court judgment in California, A.R.S. § 12-1704 applies, not the California Code.

¶18        A.R.S. § 12-1704 requires the superior court grant a stay:

If the judgment debtor shows the superior court that an appeal from the foreign judgment is pending or will be taken,

or that a stay of execution has been granted . . . upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

Here, Lenk's appeal was dismissed prior to the domestication action and the record does not show that Lenk furnished any security as the statute requires. Thus, the superior court did not err in refusing to grant Lenk's motion for a stay.

### III.    A.R.S. § 25-215 Does Not Preclude Enforcement of Judgment Against Lenk's Marital Community Property.

¶19        Lenk argues MPS's failure to join his spouse as a party violated A.R.S. § 25-215(D) and his spouse's due process rights because the *Lenk IV* judgment affected marital community property. As this Court has explained, "A.R.S. § 25–215(D) provides that if a plaintiff wants to hold a marital community accountable for an obligation, both spouses must be sued jointly. A judgment against one spouse does not bind the community." *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36 (App. 1984).

¶20        However, "neither § 25-215(D) nor due process requires a defendant seeking an award of attorney fees and costs from a married plaintiff to join the plaintiff's spouse in the lawsuit to entitle it to later execute a judgment against community assets." *Lattin v. Shamrock Materials, LLC*, 252 Ariz. 352, 356 ¶ 15 (2022). Instead, "the plaintiff's spouse may intervene in any subsequent attempt to execute the judgment against community assets to argue the judgment is the plaintiff's sole and separate obligation, and community assets cannot be used to satisfy the judgment." *Id*. Here, judgment in *Lenk IV* was entered in favor of a defendant and consisted solely of attorney fees and costs. Lenk's spouse did not intervene in MPS's domestication of the judgment. Lenk does not claim that his spouse did not have notice of the proceedings and the record shows MPS served her with copies of the pleadings relating to the garnishment. Therefore, the court did not err under A.R.S. § 25-215(D) in executing the judgment in *Lenk IV* for attorney fees and costs against community assets. *See id.*

¶21        Lenk does not have standing to assert that MPS's failure to join his spouse in the Arizona case violated her constitutional right to due process. *See Doty-Perez v. Doty-Perez*, 245 Ariz. 229, 232 ¶ 8 (App. 2018). Although Arizona's Constitution does not have a standing requirement, this Court follows a policy of judicial restraint where there is a lack of

standing. *See State v. B Bar Enters., Inc.*, 133 Ariz. 99, 101 n.2 (1982). Thus, this Court declines to address Lenk's due process arguments.

## IV.     Attorney Fees on Appeal.

**¶22**     MPS requests attorney fees and costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure 21(a) and A.R.S. § 12-349. This Court, in its discretion, denies the requests. Because Lenk is the successful party on appeal, this Court awards him his taxable costs, *see* A.R.S. § 12-341, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶23**     The superior court's judgment of garnishment is vacated with respect to the *Lenk II* order for fees and costs and affirmed with respect to the *Lenk IV* judgment. The case is remanded to the superior court for further proceedings consistent with this decision and the superior court shall direct MPS to refund any monies garnished in excess of the *Lenk IV* judgment.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR